# N. Y. SUPERIOR COURT.

ANDREW L. IRELAND, respondent agt. WILLIAM H. NICHOLS
*et. al.,* appellants.

A *receiver* may be appointed in an action for the recovery of possession of real estate, and damages for the withholding of the same. *(This is adverse to Thompson agt. Sherrard,* 35 *Barb.,* 593.)

Where the plaintiff prosecutes his action for the possession of premises, on the ground that the premises have been *sub-let* by the lessee contrary to the terms of the lease, thereby involving a *forfeiture* of the lease, he does not waive this legal cause of action by claiming the equitable relief of the appointment of the receiver, to receive the rents and profits of the premises and to prevent waste during the remainder of the term.

*February General Term,* 1869.

*Before* BARBOUR, *cheif justice,* McCUNN & FITHIAN, *J.J.*

THIS is an action to recover possession of real property. The complaint alleges that plaintiff being the owner of the premises, leased the same for a term of years to the defendant Nichols by lease, with covenants against under-letting, unless by the consent in writing of the lessor. That defendant under-let the whole to the other defendants without any permission whatever of his landlord. Whereupon he demands judgment of forfeiture of the lease and delivery of possession of the premises and damages for the withholding thereof in double the value of the use and occupation.

The defendant in his answer admits the under-letting, but alleges that plaintiff had waived the forfeiture by accepting rent after and with the knowledge of the sub-letting. Thereupon, upon the pleadings and affidavits showing all the defendants to be irresponsible, and that defendant Nichols had threatened waste in the premises by removing water pipes, &c., and that the rents and profits were in danger of being lost, &c., the plaintiff moved the court at special term

for the appointment of a receiver of the rents and profits of the premises pending this litigation.

The justice at special term granted the motion and appointed a receiver—from this order defendant appeals.

D. P. WALDEN, *for defendant, appellant.*

This is an action of ejectment brought by a landlord claiming a forfeiture of his tenant's lease by reason of a breach of contract.

The action is against the tenant and the under tenants in possession.

The order is for the appointment of a receiver to collect the rents from the under tenants during the litigation, and an injunction against the lessee.

The defendant's answer denies that he is unlawfully withholding possession, and avers an affirmance of the lease, and a waiver of the forfeiture on the part of the landlord.

The order was granted December, 1868.

I. A receiver will not be appointed in an action of ejectment; it is not consistent with the nature of the action and the relief sought, or with the provisions of the Revised Statutes, (2 *R. S.*, 309, §§ 36, 37, 38,) declaring and restricting the force and effect of judgments in such actions, even as between the parties. (*Thompson* agt. *Sherrard*, 12 *Abb., R.*, 427; *Per* SUTHERLAND, *J.*, 432, *S.C.* 35 *Barb.*, 593 594; *See also Cofer* agt. *Eckerson*, 6 *Iowa,* (*Clarke*), 502; *Per* UNDERWOOD, *J., p.* 504.)

The case of *People and Taylor* agt. *The Mayor,* (10 *Abb.,* 111), was decided in 1858, prior to case of *Thompson* agt. *Sherrard,* and in that case the order appointing the receiver was reversed.

II. A receiver will not be appointed in such action where it is brought against both the tenant and sub-tenants; for the collection of the rents from the sub-tenants would be a

recognition of the principal defendant's right to lease the land.

You cannot collect rent of the sub-tenants and at the same time declare them trespassers. (*The People* agt. *Mayor*, 10 *Abb.*, 115; *Per* MULLIN, *J.*)

III. The appointment of a receiver could only be upon the theory that if the plaintiff recovered, he would be entitled to the precise rents payable by the tenants as damages; this is not so; the claim is for *mesne profits*, and it is against the defendants as trespassers. (SUTHERLAND, *J.*, 432, 433.)

IV. The case does not "*establish an apparent right to the property*" in the plaintiff.

The defendant shows an affirmance of the tenancy after the under-letting, and that the forfeiture was waived by the receipt of rent subsequently accruing, which rent was received with full knowledge. (1 *Sand.*, 287, *d.*; *Bleecker* agt. *Smith*, 13 *Wend.*, 530; *Hunter* agt. *Osterhoudt*, 11 *Barb.*, 33; *Manice* agt. *Millen*, 26 *Barb.*, 41; *Keeler* agt. *Davis*, 5 *Duer*, 507.)

Where the legal title in the plaintiff is doubtful, a court of equity will not appoint a receiver. (1 *Barb.*, *Ch. Pr.*, 655; 1 *Van Santvoord Eq. Pr.*, 385, 386; *Edwards on Receivers*, 364; 2 *Story Eq. Juris.*, § 828.)

V. This application is addressed to the equitable powers of this court: those rights which the court exercises as a court of chancery. (*Folsom* agt. *Evans*, 5 *Minnesota R.*, 418.)

And it is an anomaly that a court of equity should be appealed to, to assist a plaintiff in his efforts to take advantage of a forfeiture.

Equity abhors forfeitures, and always relieves against them, when possible to do so; and a lessor cannot, in an action where he seeks to forfeit a lease, have any equitable relief; the claim of forfeiture is totally inconsistent with any

equitable relief. (*Linden* agt. *Hepburn*, 3 *Sandf.*, 668; *Pr.* SANDFORD, *J.*, 670, *&c.*)

VI. There is not the least pretence of equity on the part of the plaintiff, and his moving papers show that he is not entitled to any consideration.

1. The affidavit of the agent shows, that from the first he knew that the house was sub-let by the defendant, that he was told from time to time that the defendant could not get his rent from his sub-tenants, and notwithstanding this, he received the rent.

2. That the defendant's ability to pay has not been heretofore questioned, on the contrary, he has paid his rent in full, and defendant shows that he has paid up to November 1, 1868.

3. The plaintiff, through his agent, was so well satisfied with defendant's responsibility, that he was willing to give him a new lease at an advanced rent.

4. The whole proceeding is an unjust attempt to take advantage of a printed clause in the lease, inconsistent with the object of the letting and the intentions of both parties, and is now resorted to for the purpose of extorting more rent from the defendant.

5. The forfeiture, if any, has been waived.

VII. The plaintiff should not be assisted in any way by the equitable powers of the court, if by a strict, hard, legal action, he can recover possession, he must do so—but he should be left to his strict legal rights.

VIII. The order should be reversed with costs.

IRA D. WARREN, *for plaintiff, respondent.*

This is an action brought to recover possession of a house and lot leased by the plaintiff to the defendant, Nichols, for the violation of a covenant or condition on the part of the lessee not to "under-let the whole or any portion of the premises without the written consent of the landlord."

The defendant Nichols, underlet the whole premises to different parties, *and left the premises himself.*

The under-letting without the landlord's consent is admitted by the answer, and he alleges that the plaintiff waived a forfeiture.

The plaintiff made a motion on the complaint and answer, and an affidavit showing that the defendant Nichols, is insolvent, and that plaintiff will lose the rent if Nichols is allowed to receive it during the pendency of the suit, asking that a receiver be appointed to collect and receive the rent of the premises from the various tenants in possession of the premises.

*The defendant Nichols does not occupy any portion of the premises.*

The court below granted the motion, and appointed Andrew J. Smith receiver, and from the order appointing the receiver this appeal is taken.

I. This is an action to recover possession of a piece of real estate. The Code provides that a receiver may be appointed.

" *Before judgment,* on the applisation of either party, when he establishes an apparent right to property which is in possession of an adverse party, and the property, *or its rents and profits,* are in danger of being lost or materially injured or impaired, except in cases where judgment upon failure to answer be had without application to the court." (*Code* § 244, *subdivision* 1.)

This case is not included in the exception mentioned in this subdivision. We do establish our right to the property which is the subject of the action, fully and *beyond question.*

He admits that he underlet, without the consent of the landlord : this is enough to entitle the plaintiff to recover. (*Lawrence* agt. *Williams,* 1 *Duer,* 585 ; 2 *Blackstone,* 247, 274; 4 *Kent,* 113; *Burrill's Law Dic. vol.* 1, *page* 507, *title Forfeiture.*)

Ireland agt. Nichols.

He alleges, however, that the landlord's agent, with full knowledge of the fact, received rent up to the 1st of November, 1868, when he refused to receive any more.

This was a continuing breach of this covenant against under-letting, and even if the landlord received rent until November 1st, as alleged, yet he had a right to commence his action on the 9th of November for a breach.

"Receiving rent to the first day of November would validate the lease up to that time, but will not operate as a waiver of a forfeiture incurred by *continuing* the original cause of the forfeiture after the day on which the rent received fell due." (*Jackson* agt. *Allen*, 3 *Cowen*, 221; *Bleecker* agt. *Smith*, 13 *Wend.*, 530.

We therefore show not only *an apparent right* to the property in suit, but an *absolute right*.

We show by affidavit, that the *rents and profits are in danger of being lost*, and that the premises are "in danger of being materially injured and impaired" by his removing gas-fixtures and water-pipes, &c.

We say, therefore, that we are within the exact language of this section of the Code, and are entitled to a receiver.

II. In this case the defendant, Nichols, is not in possession of any part of the premises.

The receiver is therefore to collect only the rent of the sub-tenants. The landlord, Nichols, is alone served with process. The question has been decided by the supreme court, general term, in this district, holding that where it appeared that the tenant was insolvent, a receiver would be appointed. (*Tillinghast's and Sherman's Practice, vol.* 1, 738; 8 *Abbott's Practice R.*, 7; *The People and Taylor* agt. *The Mayor*, 10 *Abb.*, 111.)

There is a marked distinction between the case at bar and the case of *Thompson* agt. *Sherrard*. In that case the action was against the lessee, he being *personally* in possession of the premises.

In that case the receiver would be obliged to fix the amount the defendant must pay, and his own *occupation* could not, within this section of the Code, be considered "*rents and profits.*"

That is entirely a different case from this, as Nichols occupies no part of these premises, and the appointment of a receiver affirms nothing as to him.

Judge SUTHERLAND's opinion seems to be based on the fact that this is an action of ejectment, and therefore under the Revised Statutes, if the plaintiff succeeds the defendant may have the judgment vacated and a new trial, and therefore another receiver may be appointed.

I cannot see how this reasoning can affect a parties rights to a receiver; he has established an apparent right to the property, and under the Code is entitled to have the rents and isssue protected.

There is no such thing as an action of ejectment now. The party states the facts and the court grants all the relief the plaintiff is entitled to, both legal and equitable.

The *mesne profits* is the rent of the premise, if re-let, or their value if occupied by the party himself.

Old forms of action and all the old names of actions were supposed to have been consigned to everlasting oblivion by the Code, except as some judicial antiquarian should at some future day unearth them as curiosities to illustrate the curious phases of the human mind in the days, when, with all their absurd technicalities they were considered the perfection of human reason.

Now a party states his facts, and on these facts he can ask the court for any relief to which he is entitled, whether legal or equitable. It is hardly safe to now determine what that relief is by the dim shadows of old names, and old forms, long since abolished. The learned judge who decided that case, was wrong however in assuming that no receiver could be appointed in such an action, to recover the possession of real estate, before the Code.

It is true parties then had to resort to the court of chancery in order to obtain a receiver. We are in a court of chancery, and whatever relief the facts warrant we are entitled to. (*Willis* agt. *Corlies,* 2 *Edwards Ch.,* 281; *Payne* agt. *Atterbury, Harrington's Ch.,* 414; *Botlem* agt. *Wood,* 2 *Jac. and W.,* 236.)

Where the fund was in danger by the insolvency of a party, a receiver was always appointed. (*Barbour's Ch. Practice, vol.* 1, 665; *Tillinghast's and Sherman's Practice, vol.* 1, 738; *Talbot* agt. *Scott,* 4 *Kay and Johns.,* 111; *Tree* agt. *Hinde,* 6 *Mad. Ch. R.,* 7.)

It seems the height of absurdity, where a landlord has leased a house to a tenant who is, or becomes, insolvent, and who has forfeited his lease, or whose lease has terminated for any other reason, to hold that that insolvent tenant can go on collecting the rents of the premises which belong to the landlord, until the landlord can get his case heard and decided by the courts on a trial, and that, too, in a case where he will lose his whole rent so collected by the tenant.

This section of the Code, if it means anything, applies to just such a case as this.

III. The defendant, Nichols, threatens to remove the croton water pipe and gas pipes. This act alone is enough to justify a receiver on the other ground mentioned in this section of the Code, that the property will be "*materially injured.*"

This ground has been held sufficient, independent of this provision of the Code. (*Talbot* agt. *Scott, Kay and Johns.,* 133, 126.)

IV. We ask that this order be affirmed with costs.

*By the court.* FITHIAN, J. I am of opinion that on the application for the appointment of a receiver, the plaintiff established a sufficient "apparent right to profits" to entitle him to a receiver, provided this be a case in which a receiver can be appointed at all. The plaintiff's title is admitted,

and the alleged acts of forfeiture are admitted.    The defense consisting of affirmative allegations of waiver.    Upon the pleadings on the trial, plaintiff would be entitled to rest without proof, and demand judgment in his favor, unless defendant could affirmatively show a defense ; certainly no mere "apparent right" could be shown in any case where was an issue of fact.    So if this is a case where a receiver can be appointed *at all* the discretion of the justice appointing in respect to whether under all the circumstances of the case it was just and equitable to appoint one, should not be interfered with.

The first question to be determined here, is whether a receiver can be legally appointed in an action for the recovery of the possession of real estate, and damages for the withholding of the same.

It is claimed, and authorities are cited to sustain it, that a receiver could never be appointed in a purely legal action. That such an officer could be nominated only in actions of equitable cognizance.    This was true before the Code.    A receiver and an injunction were remedies or instrumentalities pertaining exclusively to courts of equity.    Now, however, both legal and equitable jurisdiction are vested in the same courts and officers.    And all distinctions between legal and equitable actions (as it regards forms) are abolished.

The legislature could not of course destroy the essential distinctions between legal and equitable principles.    But it can, and has to a very considerable extent permitted both legal and equitable principles to be asserted and invoked in one and the same cause of action ; and many of the remedies which before the Code pertained exclusively to actions brought to assert purely equitable rights and remedies, are now made applicable generally to actions of legal as well as equitable cognizance.    Indeed it could hardly be otherwise, as we now have but one form of action, in which to assert all remedies known to the laws and the courts.

It seems to be the design of the Code, as far as practicable, to make those formerly distinct remedies, common to all actions where the facts bring the case within the provisions of the statute, ·but particularly so in respect to those remedies designated " provisional" in the language of section 244 of the Code, which is very clear, explicit and unequivocal. A receiver *may* be appointed before judgment in any action ; and " on application of either party, who establishes an apparent right to· property which is the *subject of the action*, and which is in the possession of the adverse party, and the property, or its *rents and profits*, are in danger of being lost or materially injured, or impaired." This language is broad and general. It is impossible without interpolating qualifying words into the statute, to restrict the power of appointment to any particular kind of action or relief. It applies to all and every action where property (of any kind) is the subject. And the express mention of "rents and profits," shows that real " property " was intended to be included. I do not therefore understand that the supreme court in the case of *Thompson* agt. *Sherrard, et al.* (35 *Barb.*, 593), intended to question the power of the court to appoint a a receiver of rents and profits, *pendente lite*, in an action for the recovery of real estate, but intended only to deny the propriety and regularity of such appointment in such cases. With all respect for the learned judge who delivered the opinion in that case, I am unable to concur in the decision. It is said that such an order is " inconsistent with the nature of the action and the relief sought." In my ·opinion the *statute* has determined that matter, and has declared that the appointment of a receiver is consistent with the nature of such an action. The action is for the recovery of real property alleged to be wrongfully withheld from the plaintiff, and as an incident to his recovery (if he should succeed) the law awards him certain moneys, which have been called the damages which plaintiff has sustained by reason of the withholding of his property, but the measure of these dam-

ages is as fixed and certain as it would be in a civil action for use and occupation of premises.

The statute provides that a plaintiff recovering in ejectment " shall also be entitled to recover *damages* for the *rents and profits* of the premises recovered," and in case of a separate action for such rents and profits, the statute is that the "jury shall assess plaintiff's damages to the amount of the mesne profits received by the defendant since he entered into possession of the premises."

Now in this case we have a tenement house which plaintiff claims to be wrongfully withheld from him by the defendants, and the possession of which he seeks to recover.

The " rents and profits," or " mesne profits," of those premises are just what those defendants *ought* to pay for use and occupation during the time of the wrongful withholding, and what they have agreed among themselves to be a fair price for such use and occupation, certainly ought to fix the " rents and profits" and " measure " of plaintiff's damages, at least as against the defendants themselves, and these rents and profits at the lowest; the law gives the plaintiff an *absolute right* to recover in case he succeeds. The plaintiff here shows an "*apparent* right to the property and shows that *all* the defendants are insolvent, and consequently that these "rents and profits" to which he is entitled, if he recovers, "are in danger of being wholly lost."

He brings himself within the express language of the Code. And I see no impropriety in the court appointing an officer to take and hold these "mesne profits" during the litigation, to be eventually paid to the prevailing party.   Aside from *Nichols* none of the defendants could complain, for it is immaterial to whom they pay, so as they are protected in payment, and Nichols should not be heard to complain, for if he succeeds he will take the "rents and profits from the receiver, while if he fails he has no right (being insolvent) to put the plaintiff in peril of losing the "mesne profits."

The objection as to what is to become of the "rents" in the hands of the receiver during the *three* years in which the defendant (if defeated on the first trial) has to demand another trial, seems to me to have no force. Suppose no receiver.is appointed and the *plaintiff* has a verdict. In such case, if defendant does *not at once* demand a new trial and stay plaintiff's proceedings, a writ of possession would issue to put plaintiff in possession, and he would then take and hold the "rents and profits" during the subsequent litigation which would certainly be as bad for the defendants as to have a *receiver* hold them.

The remaining question in the case, is as to the effect of the plaintiff's application for a receiver of "rents" upon his right of action for a forfeiture? It is claimed by defendant's counsel, that the plaintiff's cause of action being founded solely upon the alleged wrongful act of such defendant in *sub-letting* these premises, if the plaintiff, now. through a receiver, seeks to collect and hold the rents agreed to be paid by the sub-tenants, that would be tantamount to a satisfaction and enforcement of the sub-leases and wholly defeat plaintiff's cause of action. On the argument I was strongly impressed with the force of this objection. But subsequent reflection and examination has changed that impression.

A party may always waive or abandon a claim or right of action existing in his favor. This may be by express assent or by implication arising from acts which are wholly irreconcilable with any attempt or proceeding to enforce the right. For example, if the plaintiff here should attempt to compel an assignment to him of the sub-leases, and succeeding in that, should attempt to enforce them as valid subsisting contracts as between him and the lesses, this would be such a clear and manifest ratification of the act of sub-letting as to estop plaintiff from insisting upon any forfeiture of the principal lease, because of the under-letting. But such is not the case in this action.

The plaintiff is proceeding in a legal manner to enforce his alleged right of forfeiture.   He is constantly demanding the possession of these premises and treating the defendants as wrong doers for withholding them from him.   If he succeeds he is entitled to recover and have the value of the fair rental of these premises during the time they are withheld from him.   This rental is being paid to and received by one of the defendants (Nichols).

As between Nichols and the other defendants these "rents and profits" are monies due upon a contract, as between plaintiff and the defendants they are "mesne profits" which plaintiff (if successsful) has a right by law to recover and have as the rental value of the premises while they are withheld from him ; and when it is made to appear that these "rents and profits" are in danger of being lost or *impaired*, the Code expressly authorizes the court on "application" of the plaintiff, to take and hold by its receiver these " rents and profits " for the benefit of the party ultimately entitled.

The lease gives the party the right to avail himself of *both* these remedies in the same proceeding.   The one being *"provisional"* and the other *final*.

It would therefore in my opinion be a perversion of justice, to hold that the act of pursuing *both* these remedies, was a defeat by *waiver* of the cause of action.

The order appealed from should be affirmed with costs.

BARBOUR, Ch. J., concurred.