## N. Y. SUPERIOR COURT.

ANDREW L. IRELAND agt. WILLIAM H. NICHOLS and others.

The perfection and service of *notice of appeal* to the court of appeals, from a judg-
ment, does not preclude the respondent from moving in the court below and ob-
taining an order for the *discharge of a receiver* appointed on behalf of the appel-
lant, to collect rents during the pendency of the action to recover possession of
real estate.

*Heard Special Term, June,* 1870.
*Decided June 10th,* 1870.

MOTION by defendant for discharge of the receiver ap-
pointed to collect rents pending this action.

D. T. WALDEN, *for motion.*
IRA D. WARREN and
J. B. IRELAND, *opposed.*

FREEDMAN J.—This action was brought by plaintiff as
lessor against the defendant Nichols, as lessee, to recover
the possession of real property upon the ground that the
lease had been forfeited for violation of its conditions.

The main question in the case was whether the forfeiture
incurred had been waived by plaintiff.

Upon the trial, the court directed the jury to find a ver-
dict for the defendant, to which ruling the plaintiff duly
excepted.

The jury by direction of the court found a verdict for the
defendant and the exception was ordered to be heard at the
general term in the first instance, and judgment was, in the
mean time suspended.

The general term overruled the exception, and ordered judgment for the defendant upon the verdict.

After the entry of the judgment, in conformity with the decision, plaintiff perfected an appeal to the court of appeals.

Defendant now moves that the receiver appointed for the collection of the rents during the pendency of the action (37 *How.*, 222), be discharged.

Plaintiff insists that the motion comes too late, for the reason that the perfection of the appeal has deprived this court of the power to grant it, but the authorities cited on this point fail to establish the proposition.

Section 339, of the Code prescribes that the perfection of the appeal shall stay all further proceedings in the court below, upon the judgment appealed from or upon the matter embraced therein. The proceedings here referred to, must be construed to mean such proceedings as may be instituted by the respondent for the purpose of enforcing the provisions of the judgment, especially as the same section, in express terms, preserves the power of the court below, to proceed upon any other matter included in the action, and not affected by the judgment appealed from.

The security on appeal only stays further proceedings in execution of the judgment, but confers no power upon the court below to undo anything already done upon the judgment.

Thus, in *Howe* agt. *Searing*, (6 *Bosw.*, 684), it was held, that the perfection of the appeal suspended the right of the respondent to institute proceedings for the punishment of the appellant for the violation of a *perpetual* injunction awarded by the judgment during the pendency of the appeal from the judgment in the court of appeals, and that in the mean time the appellant could act at his peril.

And in *Rathbone* agt. *Morris*, (9 *Abb.*, 213), it was held, on a motion to supersede an execution issued, that the effect of the security on appeal, under § 339, was simply to stay all further proceedings, but that the court had no au-

thority to vacate any proceeding already instituted, or release any right already acquired by the respondent, under the judgment.

The case of *John Berry, Receiver &c.*, (26 *Barb.*, 55), is to the same effect.

In the present case, the appointment of the receiver was a provisional remedy in the action and ancillary to it. It was made by the court in the exercise of its discretionary powers, not as a matter of strict right, but purely as a matter of favor to the plaintiff, and is entirely independent of the judgment, from which plaintiff appealed, and which, so far as the court is concerned, is a final determination of the actual rights of the parties.

Upon a comparison of the language of § 339 of the Code, with that of § 86 of 1 Revised Statutes, p. 607, and a careful examination of the questions decided by the Chancellor in *Hunt* agt. *The Mayor &c., af Albany*, (3 *Paige*, 385), I entertain no doubt that this court, notwithstanding plaintiff's appeal from the judgment, possesses the power to redress a wrong which, as it now appears has been done to the defendant by the allowance of a mere provisional measure not affecting the merits of the action.

According to the current authorities, the entry of the judgment in favor of the defendant, had the effect of ending the functions of the receiver, but the receiver is not discharged thereby.

The court may according to the exigencies of the case, upon good cause shown, either continue or discharge him by a further order.

Upon an examination of the peculiar facts of this case, I have come to the conclusion that the receiver should be discharged.

I hereby appoint James M. Smith Esq. as referee, to pass the accounts of the receiver, and upon the confirmation of the referees report, the receiver will be required to pay over the funds less all proper charges, to the clerk of this

court, to be invested by said clerk in the New York Life Insurance & Trust Company, until the further order of this court.

Order to be settled on two days notice.

NOTE.—Suppose the general term had *reversed* the judgment at special term, and ordered a new trial, could the respondent then have moved at special term, and obtained a discharge of the receiver before a new trial? Now, suppose the court of appeals does the same thing, would not the same consequences follow? (REP.)