[No. 12140. In Bank — June 22, 1887.]

ADAM BAUGHMAN, Petitioner, v. SUPERIOR COURT OF CALAVERAS COUNTY, Respondent.

Receiver — Appointment for Ancillary Purpose — Discharge of after Appeal — Jurisdiction. — Where a receiver is appointed at the request of the plaintiff, for a purpose ancillary to the main object of the action, and judgment is afterwards rendered in favor of the defendant, an appeal by the plaintiff from the judgment does not deprive the lower court of jurisdiction to hear and determine a motion made by the defendant for the discharge of the receiver.

Id. — Prohibition to Superior Court — Excess of Jurisdiction — Attention of Court must be Called to. — A writ of prohibition will not issue from the Supreme Court to restrain a Superior Court from proceeding in a matter alleged to be in excess of its jurisdiction, unless the attention of the Superior Court has first been called to the alleged excess of jurisdiction.

Application for a writ of prohibition. The facts are stated in the opinion of the court.

*Lindley & Spagnoli*, and *Reddick & Solinsky*, for Petitioner.

*Blanchard & Swisler*, and *Eagon & Rust*, for Respondent.

McKinstry, J.— Petitioner, as surviving partner of the firm of Ruoff and Baughman, prosecuted an action in the Superior Court against one R. B. Reed, and in the prayer of his complaint, amongst other demands, asked that a receiver be named to take charge, " pending the action," of certain grain, in which, in said complaint, he claimed an interest. Upon the complaint, the superior judge appointed one A. J. Wilson receiver "to take charge of, and hold, preserve, and keep," the grain, "and for that purpose to take such measures and employ such help as may be requisite."

Wilson qualified as receiver, and took possession of the property.

Afterward the defendant in the action demurred to the complaint, on the ground that it stated no cause. The demurrer was sustained, and the plaintiff neglecting and refusing to amend, final judgment in favor of the defendant was entered in the Superior Court.

Subsequently the defendant moved said court to set aside the order appointing the receiver and that the receiver be discharged.

The prayer of the complaint did not give such character to the appointment as that, in case of an appeal, the receiver could not be discharged until the final determination of the cause in this court. The defendant has an undoubted right to move for the discharge of a receiver *pendente lite.* (High on Receivers, 846.)

The present application is that the Superior Court be prohibited from hearing or determining the motion of defendant in the action aforesaid for the discharge of the receiver. It is claimed the Superior Court has no jurisdiction to determine the motion, inasmuch as the plaintiff in the action had appealed from the final judgment.

Section 564 of the Code of Civil Procedure provides that a receiver may be appointed " by the court in which an action is pending, or the judge thereof." The action above mentioned was not brought to procure a judgment appointing a receiver. The appointment by the court or *judge* is a matter ancillary to the main proceedings in an action, and is for the purpose of protecting property or a fund until the judgment in the Superior Court, and to secure its application as, in express terms or by implication, may be required by such judgment.

Section 946 of the same Code provides that whenever an appeal is perfected it stays all further proceedings in the court below " upon the judgment or order appealed from, or upon the matters embraced therein "; and the appeal releases property levied on, " but the court below may proceed upon any other matter embraced in the action," etc.

In *Ireland* v. *Nichols,* 40 How. Pr. 85, S. C., 9 Abb. Pr., N. S., 71, the Supreme Court of New York said: "In the present case the appointment of the receiver was a provisional remedy in the action, and ancillary to it. It was made by the court in the exercise of its discretionary powers, not as a matter of strict right, but purely as a matter of favor to the plaintiff, and is entirely independent of the judgment, from which plaintiff appealed." Commenting upon section 339 of the New York code,— which is like section 946 of our code,—the court remarked that the proceedings stayed by the appeal " must be construed to be such proceedings as may be instituted by the respondent for the purpose of enforcing the provisions of the judgment," especially as the same section reserves to the court below " the power to proceed upon any other matter included in the action," etc. And the court concludes: "According to the current authorities, the entry of the judgment in favor of the defendant has the effect of ending the functions of the receiver, but the receiver is not discharged thereby. The court may, according to the exigencies of the case, upon good cause shown, either continue or discharge him by further order."

Where a bill upon which the appointment of a receiver is made is afterward dismissed on demurrer, the duties of the receiver cease as between the parties to the action. And so where the defendant finally obtains judgment, the entry of judgment would seem to have the effect of terminating the receiver's functions, although plaintiff perfects his appeal to the appellate court. But the abatement of the action, or entry of final judgment, does not discharge the receiver *ipso facto.* Although as between the parties his functions terminate with the determination of the suit, he is still amenable to the court as its officer until he has complied with its direction as to the disposition of the funds he has received as receiver. And when the bill is dismissed on demurrer, it is the

plain duty of the court to direct the receiver to restore the fund or property to the person from whom it was taken. (High on Receivers, 833; *Field* v. *Jones*, 11 Ga. 413; *Beverly* v. *Brooke*, 4 Gratt. 220; *Ireland* v. *Nichols*, *supra*.) It would seem that where the decree in terms provided that one of the parties should take certain property from the receiver, the late receiver did not hold the property after decree as receiver, but as trustee of the party, although there had been no formal order of discharge. (*Very* v. *Watkins*, 23 How. 475.) It has been said a receiver will be "discharged" by a decree in the cause in which he is appointed, unless he is expressly continued. (Daniell on Chancery Practice, sec. 1601.) But the discharge spoken of evidently refers to the surcease of his functions as receiver proper, leaving on him the duty of properly accounting under the order of the court. But whether, when his office is not expressly continued by decree, he should afterward be called receiver or not, he is subject to the orders of the court with respect to the winding up of his affairs as receiver,—as to accounting and application of funds. In these respects he continues liable until he is discharged of his responsibilities as trustee, and we see no impropriety in his being designated "receiver" up to the date of such discharge.

The adoption of the foregoing views will not deprive petitioner of any substantial right, since the statute authorizes the court in a proper case to appoint a receiver for the preservation of property during the pendency of an appeal. (Code Civ. Proc., sec. 564.)

It may be said that the Superior Court will, unless prohibited, not only discharge the receiver, but attempt to set aside the order by which he was originally appointed.

It is at least doubtful whether the motion is to be construed as anything more than a motion to discharge. At all events, the motion would authorize the court to

discharge the receiver, and the petitioner avers that on the 29th of April, 1887, and after the appeal from the judgment was perfected, "the Superior Court, at the application of the defendant, made and gave its order that said motion to discharge said receiver be heard, considered, and determined by said Superior Court on Friday, May 13, 1887."

It is the hearing and determination of the motion, as a motion to discharge, which the petitioner claims will be beyond or in excess of the jurisdiction.

It may be added that the petition does not distinctly show that objection was made to the proposed action of the Superior Court on the ground that it would be beyond its jurisdiction. It has been repeatedly held here that prohibition will not go from this court unless the attention of the court whose proceedings are sought to be arrested has been called to the alleged excess of jurisdiction. (*Southern Pacific R. R. Co.* v. *Superior Court*, 59 Cal. 475.)

Writ denied and proceedings dismissed.

SEARLS, C. J., THORNTON, J., McFARLAND, J., SHARPSTEIN, J., PATERSON, J., and TEMPLE, J., concurred.