## EDWARDS et al. v. STEBBINS et al.

No. 15093—Opinion Filed March 31, 1925.

Rehearing Denied July 14, 1925.

**1. Landlord and Tenant — Liability of of Lessee for Rent Pending Litigation of Lease Contract.**

Where the termination of a lease contract is one of the material issues involved in the action, or suit, the lessor is entitled to recover the rents provided for, under the terms of the lease contract, pending the litigation, or until such time as the lessee is evicted and the lessor placed in possession of the premises involved in the controversy.

**2. Same—Effect of Receivership of Property.**

The appointment of a receiver for the purpose only of preserving the property, the subject-matter of the action, is not such an eviction of the lessee as will terminate the lease and relieve the lessee of liability to pay rents, unless the lessee can show that he is without fault in the premises, and has been deprived of some substantial benefit, or legal right, by reason of the receivership.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Oscar W. Edwards et al. against Grant C. Stebbins et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

West, Sherman & Davidson, McPherren & Wilson, and Kittie C. Sturdevant, for plaintiffs in error.

Stuart, Cruce & Bland and E. J. Doerner, for defendants in error.

Opinion by JONES, C. This is an appeal

from a judgment rendered by the district court of Tulsa county, Okla., July 28. 1923, wherein Oscar W. Edwards et al. were plaintiffs and Grant C. Stebbins et al. defendants. The judgment of the trial court was in favor of the defendants, and plaintiffs prosecute this appeal. This is a branch of the original case, wherein the Lena Lumber Company et al. instituted suit against Oscar W. Edwards, plaintiff in error here, which was consolidated with the case of O. W. Edwards and Edwards Building Company against Stebbins, Eysenbach and Giddings, which was formerly appealed to this court and was styled Stebbins et al. v. Lena Lumber Company et al., reported in 89 Okla. 244. 214 Pac. 918. In the original case the trial court entered judgment whereby certain lien claims were established against the improvements on the leasehold estate, and the decree sustained the 99-year lease in controversy, and entered judgment against defendants and in favor of the Edwards Building Company for certain sums which had been subscribed for stock in said company, and further held that the said Stebbins, Eysenbach and Giddings were not entitled to any rent upon the leased premises pending the litigation, and enjoined said defendants from doing any act to cloud the title of the Edwards Building Company to the 99-year lease, the property involved in this controversy.

The record discloses that on the 24th day of September, 1917, Grant C. Stebbins, Oscar K. Eysenbach and Frank C. Giddings, as lessors, entered into a 99-year lease contract in writing with O. W. Edwards, lessee. The lessors by the terms of this lease contract leased certain parts of business lots located in the city of Tulsa and described in the lease for a period of 99 years. By the terms of the lease, the lessee agreed to pay the lessors as rental for said premises, during the whole term, the sum of $18,000 per annum, payable in quarterly installments of $4,500 each in advance. The lessee agreed to construct upon these premises a substantial building, to cost not less than $100,000. The lease contract further provides terms of forfeiture in the event the said lessee failed to comply with the terms of the contract. and pay the rentals as provided for. And under this lease contract the said Edwards took possession of the leased property, and commenced the erection of the building which he had agreed to build and continued with the construction thereof until about the 1st of June, 1918, when the work was suspended because Edwards was no longer able to finance the

construction of the building, and failed and refused to pay the rents due. Thereafter the lessors gave written notice to Edwards of their intention to declare a forfeiture of the lease; and soon thereafter suit was instituted by Edwards against said lessors, wherein he prayed that he be declared to be the equitable owner of the leasehold estate, and for damages, and asked that defendants be enjoined from interfering with his possession. Judgment was rendered by the trial court favorable to the plaintiff Edwards, from which defendants prosecuted an appeal.

Upon the hearing of the case in the Supreme Court, the court found that the judgment rendered by the trial court,

"* * * in so far as it established the liens of the various lienholders, should be affirmed, and the decree denying the plaintiffs in error (the lessors) the rent due under the lease contract, and the right to terminate the lease, and the decree in favor of the Edwards Company Corporation for money due on stock subscription reversed."

And the opinion of the Supreme Court further provides as follows:

"The cause is remanded to the district court of Tulsa county with directions to take an accounting as to the amount of rent due the lessors on the lease contract, and enter judgment against Edwards therefor, ascertain the value of the building, which was being constructed on the leased premises, and enter judgment in favor of the plaintiffs in error, terminating and canceling the lease upon the condition that plaintiffs in error pay into court the ascertained value of the building or so much thereof as will be sufficient to discharge the claim of the lienholders. If the value of the building exceeds the claims of the lienholders, the excess is to be credited on the rent due by Edwards to the lessors; but, if the value of said building be less than the aggregate amount of such liens, then the amount paid into court be prorated to such lienholders."

The mandate of the Supreme Court was issued in conformity with this opinion, and the trial court in the instant case was endeavoring to carry out the mandate of the court as directed. Soon after the mandate was spread of record, on or about July 10, 1923, O. W. Edwards, appellant herein, filed a supplemental petition after having secured permission of the court to make W. M. Smith, who appears as one of the defendants in error, a party. Edwards having ascertained that the said Smith had, since the decision and opinion of the court in the case of Lena Lumber Co. et al. v. Stebbins et al., supra, purchased the interest of the original lessors, Eysenbach, Stebbins and

Giddings, and that he, the said Smith, had succeeded to the rights of the original lessors to the premises involved.

The supplemental petition further alleged that Smith had gone upon the premises involved with a force of workmen and was making alterations and changes on the building, and that the defendant Smith had no right on the premises, or to alter the building or improvements thereon, for the reason that at that time the mandate of the Supreme Court had not been carried out by the trial court, and the lease had not been forfeited. To this supplemental petition the defendant Smith filed an answer, in which he admitted the purchase of the interest of the original defendants, and that he was the owner in fee simple of the lands in question, and that the original defendants had transferred and assigned all of their right, title and interest in the property involved to him, with all claims for rent and taxes from plaintiff due, which the defendant Smith asserted to be approximately $86,000 rents, with interest, and that he also had been compelled to spend the sum of $38,000 to protect the property from being sold for taxes; and further alleged that all material and labor liens on said property were, on July 9, 1923, paid and fully satisfied, and ask that the trial court declare the lease of O. W. Edwards forfeited, and that he have judgment against Edwards for the difference between the amount due on the rent and taxes, and the reasonable value of the improvements placed upon the premises, which defendant alleged to be the sum of $79,000.

The defendant Smith alleged further that he was not in any way possessed of the premises, or making any alteration or change upon the uncompleted structure which stood upon same.

The case was submitted to the trial court on July 13, 1924, upon the issues thus joined, and resulted in a finding of the district court of Tulsa county that the value of the partially constructed building upon the premises was $130,000. That the amount of the rent due from the plaintiff to the defendants was the sum of $85,968. That the amount of taxes due for the years of 1919, 1920, 1921 and 1922 was the sum of $27,614.88. The court further found that the amount of liens heretofore found to be valid and subsisting liens against the improvement on the property, by the Supreme Court in the case of Lena Lumber Company v. Stebbins et al., amounted to $70,163.86, inclusive of attorneys' fees and interest. And

found that on the 9th day of July, 1923, the said liens were fully paid and satisfied of record in the office of the county clerk, and that the mandate of the Supreme Court had been fully complied with, and that the lease on the premises should be canceled and terminated as of the 9th day of July, 1923, pursuant to the directions of this court in its mandate. Upon such findings of fact the trial court made the following conclusions of law and orders: First, it ordered the cancellation of the lease as directed by the mandate. Second, it rendered judgment against O. W. Edwards in the sum of $53,-746.74, which was the difference between the value of the improvements. the rentals and taxes due, and the lien claims paid. From which order and judgment of the court, the plaintiff Edwards appeals and assigns numerous specifications of error, but states in his brief that there are in reality but two questions involved, viz., for what period of time rents should be calculated, and whether the lessee should be charged with the full amount of the liens appearing on the face of the previous judgment rendered in the case, or only with what the defendant in error had actually paid out, or caused to be paid out, in order to secure their discharge. On the first proposition, he urges that the 99-year lease contract was terminated in November. 1918, when the lessors had declared a forfeiture, which was prior to the institution of the original suit of Edwards v. Stebbins et al., which is reported in 89 Okla. 244, 214 Pac. 918, styled Stebbins et al. v. Lena Lumber Company et al., and while counsel urge this proposition with great earnestness, we cannot agree with such contention for the reason that, as we understand the original case, the question of the termination of the lease was involved and the said Edwards was at all times contending for his rights under the lease, asked for, and obtained an injunction against the original defendants in the trial court in the case of Stebbins et al. v. Lena Lumber Company et al., from interfering with his possession of said premises, and this case was pending and not determined until September 26, 1922, and the petition for rehearing filed was not disposed of until May 8, 1923. The fact that the lessors gave notice of their intention to declare a forfeiture of the leasehold, and that the matter was involved in a lawsuit, does not terminate the lease or relieve the lessee from payment of rents pending the litigation. Palmer v. City Livery Co. (Wis.) 73 N. W. 559; Cleve v. Mazzoni (Ky.) 45 S. W. 88; Hopkins v. Holland (Md.) 35 Atl. 12;

Ireland v. Nichols, 37 How. Prac. 222; Clapp v. Noble, 84 Ill. 62.

Appellants also call attention to the fact that a receiver was appointed and placed in charge of the premises in controversy at a later date, and contend that by reason of this action on the part of the defendants, they were deprived of the possession of the premises, and could not in any event be held liable for the rent accruing after the date of the appointment of the receiver; but, as we gather from the record, the receiver was appointed solely for the purpose of preserving the estate, and no allegation is made and our attention is called to no proof that the receiver ever received any rents or revenues derived from the premises, or was in possession of any money derived from his position as receiver at the time of the trial of this case. The petition, to which our attention is called by appellant, upon which the appointment of the receiver was granted, alleges as the sole and only reason for the appointment of the receiver, facts and conditions which were detrimental to the uncompleted structure or building, and prays for the appointment of the receiver for the sole purpose of preserving the building and preventing it from deteriorating from the elements, and by reason of the fact that it was being neglected, and that it was materially deteriorating, and that much material of various kinds, which had been stored in the building, was being materially damaged, and upon these allegations the court appointed the receiver, and we think under the conditions the appointment of the receiver would not result in, or have the effect of. relieving the lessee from the payment of rents under the terms of his rental contract. This fact is so plain and primary in its nature that we deem it unnecessary to cite authorities in support thereof. and so long as the litigation was pending involving the rights of the parties under the lease contract, and the question of forfeiture of same. the defendants would be entitled to collect the rents.

The second proposition urged is that the party to whom the lien claims were assigned and who subsequently assigned same to the defendant Smith, did not pay the full face value of same, and that the appellant Edwards should not be held responsible for a greater amount than the actual amount paid for the assignment of the liens claimed, but in view of the fact that the record does not disclose that any personal judgment was taken against Edwards, the lien claimants and their assignees were only asking for judgment foreclosing the liens against

the property, and the property having been conveyed to the defendant Smith, who at the time of the trial of this case was the assignee of the lien claimants, and who testified that he had agreed to pay the full face value of the liens, we are unable to see what interest the appellant Edwards could have in the matter, or in what way his rights could be in anywise prejudiced by reason of the conditions existing. The lien claims being in the hands of Smith, the owner of the property, certainly closes the chapter and forestalls any idea that Edwards might be personally liable for the claims, no personal judgment having ever been asked for or granted against him, and all the matters concerned in the entire transaction having been adjudicated in this and the former suit of Stebbins v. Lena Lumber Company. So far as we are able to determine, the trial court correctly carried out the mandate of the Supreme Court issued in the case of Stebbins v. Lena Lumber Company, supra, and the opinion of the Supreme Court in that case was final and has become the law of this case, and the only questions which might be properly reviewed at this time would be questions of fact as to the value of the improvements, the amount of liens claimed, and the amount of taxes due against the property, and from an examination of the record we find that there is ample evidence to support the findings of the trial court on all of these questions, and under the well established and settled rules of this court, the findings of the trial court should not be disturbed on appeal when supported by evidence reasonably tending to support same. We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.