**CITY NATIONAL BANK & TRUST CO. v LIVINGSTON et**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3203. Decided Oct. 8, 1940.

Pretzman & Dillon, Columbus, for plaintiff-appellant.

Ralph Martin, Columbus, for defendant-appellee.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The following brief summary of facts is essential to an understanding of the question to be determined.

Charles J. Pretzman, during his lifetime, was the owner in fee of a parcel of business real estate at 55 East Town Street, Columbus, Ohio. Prior to his death he entered into a ninety-nine year lease with Dana D. Livingston, leasing said premises for the term mentioned. By sundry assignments the lessee's interest under this indenture was acquired by the appellee, James P. Bach, who, in the assignment to him, assumed all of the obligations and rental payments under said lease. Bach, shortly following his acquisition of the leasehold, defaulted in the rental payments provided for in the leased instrument, but at all times collected the rentals, retained the same, and paid no part of these rentals so collected to the parties owning the lessor interest.

After the death of Charles J. Pretzman The City National Bank & Trust Company, as trustee, acquired the title to the property in question. On or about the 4th day of March, 1931, the executors of the estate of Charles J. Pretzman, pursuant to an action commenced for the collection of the rental installments owing by Bach, filed an application for the appointment of a receiver to collect the rentals and manage the property. The operative part of the order appointing the receiver is as follows:

"It is therefore ordered, adjudged and decreed by the court that Charles

R. Swickard be and he is hereby appointed receiver to take charge of the premises described in the petition, with full authority to collect the rents, profits and income therefrom, pay taxes and current expenses, make such repairs as are necessary to keep the premises rented and do all things that are necessary to keep said premises in a tenantable condition."

"It is further ordered that all persons occupying said premises pay all money now due and hereafter due as rental or otherwise from said premises to the receiver herein until the further order of this court. Receiver's bond fixed at $300.00."

The City National Bank & Trust Company, Trustee, was also a plaintiff in said action. In January, 1932, Swickard resigned as receiver, and thereafter The City National Bank & Trust Company was appointed such receiver under an order of the court, the operating part of which is as follows:

"It is therefore further considered by the court that The City National Bank & Trust Company be and it hereby is appointed receiver for the purpose of collecting rentals and for the general management of the property at 55 E. Town Street, Columbus, Ohio, until further order of this court, and the receiver is hereby instructed to collect, administer and distribute the income from said property according to the provisions of the last will and testament of Charles J. Pretzman, deceased."

Pursuant to its appointment as receiver the Bank collected the rentals from the sub-tenants, managed the property and kept it in rental condition and credited the said Bach with all rentals received.

In August of 1938 the Bank, as trustee, filed suit against all of the various owners of the lessee interest, including the appellee. James P. Bach, for the accumulated default in rental after duly crediting the said Bach with the rentals so collected by the Bank as receiver for that purpose.

To the petition so filed for rent, the appellee, James P. Bach, separately answered, setting up two defenses, the first, a general denial, and in the second defense pleaded in substance that the appointment of the receiver to collect the rents and manage the property constituted an eviction of the appellee and from the date of the appointment of the receiver, released the appellee Bach from any and all further liability under said lease during the continuance of such receivership.

To this second defense the plaintiff appellant filed a demurrer on the ground that the second defense was insufficient in law and did not constitute in law any defense to the allegations of the petition.

On the 29th day of March, 1939, plaintiff's demurrer was overruled and plaintiff, not desiring to plead further, final judgment was entered in favor of defendant.

In due time plaintiff filed his notice of appeal, on question of law, and thereby the cause was lodged in this Court.

The sole and only question presented to us is whether or not the appointment of the receiver to collect the rents and manage the property under the lease, constituted an eviction which would, from the time of the appointment of the receiver, relieve Bach from all further obligations and payment, so long as such receivership continues in its present form.

It is the claim and contention of counsel for appellant that in actions as in the instant case the appointment of a receiver does not work an eviction; that eviction only follows where a receiver is appointed in cases where the remedy and relief sought is a determination of title as in foreclosure, forcible entry and detention, or other kindred remedies.

Stated a little differently, the claim is made that where the appointment of a receiver is ancillary, as in the instant case, to the general relief, that such appointment will not work an eviction.

In support of counsel's claim he cites the case of **Lackman Paper Company v.**

**Payne, 21 N. P. N. S. 203.** Unquestionably this case is supporting, and is authority for a text of similar import found in **24 O. Jur., ¶346, p. 1092.** The Nisi Prius case was by a Common Pleas Judge of Hamilton County, and in the opinion the trial court sought to distinguish its holding from that in the case of **Dorr Run Coal Company v Nelsonville Coal Company, 10 N. P. N. S. 459.** The latter case was decided by Judge Kinkead, Judge of the Common Pleas Court of Franklin County, Ohio. Counsel for appellee refers us to the case of **La Bounty v Brumback, 126 Oh St 97.** At page 102 of the opinion Judge Stevenson, delivering the opinion, makes the following observation:

"We agree that the appointment of a receiver, on the application of a lessor for leased real estate, does amount to an eviction of the tenant during the time the receiver is in possession of the premises, and collects the rent therefrom, and the tenant is relieved from payment of rent, during the receiver's incumbency."

We recognize, as does counsel, that the above observation was purely dictum and not necessary to the determination of the question involved.

There is a divergence of opinion as to the weight of authority in other jurisdictions. From an examination of all the cases cited, we arrive at the conclusion that receivership, regardless of the nature of the remedy, whether ancillary or otherwise, works an eviction in all cases where the tenant is removed from possession of the leased premises.

In 61 A. L. R. p. 366 is found what the publisher considers the leading case, being Telegraph Avenue Corporation et v Karl Rentsch, also found in 260 Pac. 1109, (California) the first headnote reads as follows:

"The appointment of a receiver at the instance of the landlord, in an action of unlawful detainer, who gets into the possession of the premises and collects the rent from the sub-tenant, works an eviction which relieves the tenant from further liability for rent."

We are cognizant that the above headnote mentions "action of unlawful detainer", but following the reasoning of the Court, we are unable to conclude that the rule is limited to actions of this character. Many cases are cited from other states under the heading; "Annotation" commencing at page 372. We find that these cases support the theory of eviction.

The reason for the rule is that the tenant, through the appointment of a receiver with such broad powers as in the instant case, deprives the tenant of the use, control or occupation of the leased premises.

Counsel for appellant refers us to a number of cases in other jurisdictions where the courts have held that the appointment of a receiver does not work eviction.

As we view it, these cases are readily distinguishable in that the receiver, under his appointment, was not given such powers as ousted the tenant of possession, control and occupancy. The cases cited to us and which we have examined are the following:

Knickerbocker Oil Co. v Richfield Oil Corp., 254 N. Y. S. 506.

Edwards v Stebbins, (Okla.) 238 Pac. 474.

Bright v Riedy, 243 Ill. App. 314.

Potts Thompson Liquor Co. v Tobacco Co., 137 Ga. 648 (74 S. E. 279).

We have before us the written opinion of the trial court in the instant case, and we are in full accord with his reasoning and decision.

We therefore affirm the trial court and adjudge costs in this court against the appellant.

Cause remanded for further proceedings according to law.

Exceptions allowed.

HORNBECK, PJ. & GEIGER, J., concur.