# EDWARD T. ALLENDER v. THOMAS G. FRITTS AND | 24 447 |<br>SAMUEL G. SHELDON. | 81 625 |

APPEAL.—An appeal does not lie from an order refusing to dissolve an attachment.
APPEAL—ORDER.—On an appeal from a final judgment the Court cannot review an
order refusing to dissolve an attachment.

APPEAL from the District Court, Seventh Judicial District, Marin County.

On the 4th day of August, 1863, plaintiff commenced an action in the District Court of Marin County against defendants to recover judgment for work and labor alleged to have been done for defendants, and for brick sold them.

On the same day, plaintiff procured an attachment to be issued in the action, which was placed in the Sheriff's hands, who, on the same day, levied on personal property of defendants. The summons was served on the same day. On the 13th day of August, defendants served notice on plaintiff that they would, on the 18th of August, move the County Judge to dissolve the attachment.

The County Judge denied the motion.

Defendants answered, denying the allegations of the complaint.

November 4th, 1863, plaintiff recovered judgment. Defendants appealed from the order refusing to dissolve the attachment, and from the judgment.

*G. F. & William H. Sharp*, for Appellants.

*John Reynolds*, for Respondent.

By the Court, SAWYER, J.

This is an appeal from an order refusing to dissolve an attachment, and from the judgment entered in the cause.

The only error relied on is the refusal to dissolve the attachment. It is insisted by respondent that the question cannot be considered, for the reason that under the provisions of the Practice Act the order is not appealable; and that it

cannot be reviewed on an appeal from the judgment, for the reason that the Court, on an appeal from a judgment, can only "review an intermediate order involving the merits and necessarily affecting the judgment." (Practice Act, Sec. 344.) This objection seems to us to be well founded. Section 347 prescribes the cases and section 336 the time in which an appeal may be taken. This is not an appealable order within the meaning of those sections, and an appeal, therefore, cannot be taken from it directly as an order; and it is not an order "involving the merits, and necessarily affecting the judgment," within the meaning of section 344. The attachment is merely a proceeding ancillary to the action, by which a party is enabled to acquire a lien for the security of his demand by a levy made before instead of after the entry of a judgment. This ancillary proceeding may be taken at the time of the commencement of the action, or at any time afterwards. Neither the action nor the judgment, under our law, in any manner depends upon the attachment, although the attachment depends upon the action. The judgment in the case is precisely the same, whether the attachment is dissolved or not. In those States where the attachment is used as a process for acquiring jurisdiction, the consequences of dissolving or refusing to dissolve an attachment might be different. But here, the judgment is not, in any respect, affected by the attachment. We could neither reverse nor modify the final judgment in any particular in consequence of any error in the attachment proceedings. The provision—"Upon an appeal from a judgment the Court may review any order involving the merits and necessarily affecting the judgment," implies that it shall not review intermediate orders not affecting the judgment. We think the question cannot be reviewed in this form of proceeding. It is a case for which the Practice Act has made no provision.

The case of *Taaffe* v. *Rosenthal*, 7 Cal. 518, appears to have been decided on the authority of *Griswold* v. *Sharpe*, 2 Cal. 17. But the latter case arose under the Practice Act of 1851, which provided for an appeal "from an order   *   *   *   which

affects a substantial right in an action or special proceeding." Probably this provision would embrace an order of the kind under consideration.   The attention of the Court, in the case of *Taaffe* v. *Rosenthal*, does not appear to have been called to the amendment of the Practice Act in this particular.   Besides, the objection does not appear to have been raised or discussed in *Griswold* v. *Sharpe*.

No error appearing which affects the judgment, it must be affirmed, and it is so ordered.