## HIDDEN, Respondent, v. JORDAN, Appellant.

### No. 541; June 5, 1865.

**Appeal—Effect of Reversal of Judgment.**—An order made by the court after judgment, and going to the same effect as the judgment in part, is reversed by a reversal of the judgment.

**Mortgage—Right of Mortgagee to Possession.**—Although a mortgagee can have legal possession only after foreclosure, after actual possession for over seven years he may not be dispossessed by a mere order of court.

APPEAL from Seventh Judicial District, Solano County.

M. A. Wheaton for respondent; Swan, Hayes & Cobb for appellant.

See Hidden v. Jordan, 32 Cal. 397.

SAWYER, J.—This is a separate appeal in the case with the same title (No. 540) decided at the present term. The court, as a part of the judgment in the cause, directed the receiver, after deducting his fees, to deliver over to the plaintiff the premises, and the balance of the rents and profits in his hands. After the entry of judgment, and on the same day on motion of plaintiff's counsel, without any further showing than the record and judgment in the case, the court made a separate order, directing the receiver to deliver over to the plaintiff the said premises and the rents and profits. The order was only a repetition of that part of the final judgment bearing upon the same subject, and was wholly unnecessary, as it conferred no additional rights on the plaintiff, or authority on the receiver. The appeal is from this order. The order is subsequent to judgment, and an appeal from it lies. This conclusion is not in conflict with anything said in the recent case of Whitney v. Buckman. On the contrary, in that case we said: "This appeal is not from a final judgment in a special proceeding, but an appeal from an order subsequent to judgment." The order appealed from was based upon the finding and judgment in the case. As the judgment itself has been reversed, and the finding in material parts affecting the plaintiff's right to an immediate conveyance of the land vacated, this order ought to go with them. It is contended that the

order is proper, even if the judgment should be reversed, for the reason that defendant holds the title in the character of a mortgagee, and that, in this state, the mortgagee is not entitled to the possession until a foreclosure and sale vests him with the title. Admit this to be so, yet the defendant, whether rightfully or not, has been in possession since 1858, and admitting his possession to have been wrongful, this is not the proper remedy, if there be a remedy, to recover possession pending the litigation as to the rights of the parties. Had there been but one notice of appeal embracing an appeal from the final judgment and the order, and but one transcript, as there might, and should have been, there can be no doubt that the order would have been reversed upon the reversal of the judgment. The transcript shows that it is the same case and that the order depends upon the judgment already reversed, and the rights of the parties ought not to be embarrassed by continuing the order formally upon the record, when it is in fact substantially reversed in the reversal of the judgment itself, covering the same ground. If the order had been affirmed on a separate appeal from this court, doubtless the court below would vacate it upon the reversal of the judgment upon which it was based. For these reasons we think the order should be reversed, and it is so ordered.

We concur: Sanderson, C. J.; Rhodes, J.; Shafter, J.