[No. 12317.   Department Two. — December 5, 1889.]

ALEXANDER HERMAN, RESPONDENT, v. O. M.
PARIS, APPELLANT.

ATTACHMENT PROCEEDINGS DO NOT AFFECT THE MERITS OF THE CASE. — An
error in relation to attachment proceedings is not ground for reversal of
the judgment, or of an order denying a new trial.

PARTNERSHIP — ASSUMPTION OF DEBT OF FORMER FIRM — CHANGE OF FIRM
NAME. — A new firm may assume an indebtedness of a former firm com-
posed in part of the same members.   And if the name of the new firm
be subsequently changed, the obligation may be returned, and a new one
given in the new name if the partners consent thereto.

CLERICAL ERROR — MODIFICATION OF JUDGMENT — COSTS. — If, by a clerical
error, the clerk enters judgment for $4.09 too much, the judgment will
not be reversed, but will be modified without costs of appeal.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion.

*W. H. H. Hart*, for Appellant.

*I. B. L. Brandt*, for Respondent.

HAYNE, C. — This was an action upon two promissory
notes alleged to have been made by the firm of O. M.
Paris & Co., which was composed of the defendant Paris
and one Hutchinson.   The court below gave judgment
against both defendants for the amount of one of the
notes only, and the defendant Paris appeals from this
judgment, and from an order denying a new trial.

It is contended that the court erred in refusing to or-
der the sheriff to amend his return to a writ of attach-
ment, which had been issued in the case, so as to show
certain facts in relation to the service of the attachment
papers.   But the attachment papers in no way affected
the validity of the judgment or order denying a new trial,
and the questions in relation to them cannot be consid-
ered on the appeals taken.   (*Allender* v. *Fritts*, 24 Cal.
447.)   It is next contended that the evidence shows that,

LXXXI. CAL.—40

the partner who signed the note had no authority to give a note in the name of O. M. Paris & Co. The facts in relation to this point are, that some time prior to the formation of the said firm, the defendant Hutchinson was doing business for himself under the style of T. R. Hutchinson & Co., and was indebted to W. & J. Steinhart & Co. in a sum of money, for which they held his promissory note, which circumstances were known to the defendant Paris. In this condition of affairs Paris and Hutchinson formed a partnership under the old name of T. R. Hutchinson & Co., and by the articles it was agreed that "said copartnership hereby agrees to and does assume the payment of all the liabilities of T. R. Hutchinson & Co." And the Steinhart note was thereupon entered upon the books of the firm as one of its liabilities. Thereafter the name of the firm was changed to O. M. Paris & Co., without any change in its membership. The old Steinhart note was retired, and a new one given in the new firm name. The learned counsel for the appellant says that "probably Hutchinson would have had the right to execute a note to W. & J. Steinhart & Co. for said debt in the name of T. R. Hutchinson & Co., but certainly not in the name of O. M. Paris & Co." If such a course had been taken, the defendants would have certainly been bound; for the payment of the old note had been assumed by the same individuals under a different name. The objection therefore goes merely to the way the note was signed. But the court finds that the giving of the note in the name of the firm of O. M. Paris & Co. was "with the authority and consent of the said defendant, O. M. Paris." And there is evidence to sustain this finding.

The only objection to the judgment is, that by a clerical error it was entered for $4.09 too much.

We therefore advise that the judgment be modified, by striking off the sum of $4.09, and that as modified it be affirmed, without costs of appeal to the appellant.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is modified by striking off the sum of $4.09, and that as modified it be affirmed without costs of appeal to the appellant.