[Sac. No. 230.    Department One.—September 26, 1896.]

## A. ROSSI, Petitioner, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

114  371
124  470

Justice's Court—Complaint in Intervention—Demurrer—Failure to Answer—Issues of Fact—Appeal—Questions of Law and Fact—Trial de Novo—Prohibition.—The question whether there may be a complaint in intervention in a justice's court, not decided; but held that where in such court an intervenor united with the defendant in denying the allegations of the complaint, and also created other issues

between himself and the plaintiff, and the plaintiff's demurrer to the complaint in intervention was overruled, after which a trial was had upon the issues of fact, the entry of default of plaintiff upon failure to answer such complaint in intervention cannot preclude an appeal by the plaintiff from a judgment in favor of the intervenor, upon questions both of law and fact, without a statement of the case; and prohibition will not lie to prevent the superior court from trying the case *de novo.*

Id.—Intervention by Attaching Creditor—Garnishment of Debt to Plaintiff's Assignor—Insufficient Complaint.—When the plaintiff in the justice's court has sued upon an assigned claim, a complaint in intervention by an attaching creditor, averring that he had garnished the debt from the defendant to plaintiff's assignor, but which does not show that the intervenor had established his claim against such assignor, or recovered judgment in his action against him, is not sufficient, merely by virtue of the alleged garnishment, to defeat the plaintiff's right of recovery against the defendant.

APPLICATION in the Supreme Court for a writ of prohibition to the Superior Court of San Joaquin County. Ansel Smith, Judge.

The facts are stated in the opinion of the court.

*Charles Light, J. T. Summerville,* and *J. B. Webster,* for Petitioner.

*Woods & Levinsky,* for Respondent.

Harrison, J.—Application for a writ of prohibition. One G. Gianelli commenced an action in the justice's court against D. J. Hoult, to recover the sum of one hundred and twenty-five dollars, upon a claim for labor performed for the defendant by one Kass, and by him assigned to the plaintiff. Hoult answered the complaint, denying all its allegations. Before the trial of the action the petitioner herein filed a complaint in intervention in the justice's court, in which he denied all the allegations in the complaint, and alleged that in another action, brought by him in the justice's court against Kass, he had attached the indebtedness of Hoult to Kass, and asked judgment that plaintiff take nothing by the action, but that judgment be rendered in his favor for such sum as might be found due from Hoult to Kass. A demurrer by the plaintiff to this complaint was over-

ruled by the justice, and before the day fixed for the trial the justice entered the defaults of the plaintiff and defendant for failure to answer in intervention. The court denied a motion by the intervenor for judgment upon this default, and, upon the trial of the issues, witnesses were examined and briefs filed on behalf of the intervenor and the plaintiff, upon which the court found that the sum of one hundred and five dollars was owing from Hoult to Kass at the time of the garnishment, and rendered judgment in favor of the petitioner herein against Hoult for this amount, and in favor of Hoult and against the plaintiff for his costs. The plaintiff thereupon appealed to the superior court from this judgment, and from the whole thereof, on questions of both law and fact, serving his notice of appeal upon both the defendant and the intervenor. The superior court overruled the plaintiff's demurrer to the complaint in intervention, and plaintiff thereupon, under leave of the court, filed an answer thereto, in which he denied its several allegations. The court having set the case for trial, the present application has been made for a writ of prohibition, restraining it from all further proceedings in the action, so far as it relates to the proceedings had by reason of the intervention of the petitioner.

Counsel on both sides have assumed the right of a justice's court to permit a complaint in intervention to be filed therein, and our conclusion herein has been reached without determining whether such right exists. (See, however, Code Civ. Proc., sec. 925.)

"An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant." (Code Civ. Proc., sec. 387.) In the present case the intervenor denied all the allegations in the complaint, and thus "united with the defendant in resisting the claim of the plaintiff," and

created issues between him and the plaintiff in addition to those between the defendant and the plaintiff which were tried in the justice's court. Although, after overruling the plaintiff's demurrer to the complaint in intervention, the justice entered his default for failing to answer the complaint, yet the demurrer itself shows that the plaintiff was not actually "in default," and the intervenor himself, by his denial of all the allegations in the plaintiff's complaint, raised issues of fact between them which the justice was required to try, and that a trial of these issues was had appears from the recital in the justice's docket that the witnesses which were produced at the trial were examined by the counsel for the intervenor.

The plaintiff had the right to appeal from the judgment rendered by the justice, and in taking the appeal was required to serve his notice of appeal upon the "adverse party," which in the present case included the defendant and the intervenor, each of them having . denied the allegations in his complaint. If it should be conceded that the filing by the plaintiff of an answer in the superior court to the complaint in intervention was unauthorized, yet upon his appeal plaintiff had the right not only to have the superior court pass upon the sufficiency of his demurrer to the complaint in intervention, without any statement of the case (*Southern Pac. R. R. Co.* v. *Superior Court*, 59 Cal. 471), but also to have all the issues of fact that had been presented in the justice's court tried anew in the superior court. The effect of the appeal was to vacate the judgment of the justice's court against the plaintiff (*Bullard* v. *McArdle*, 98 Cal. 355; 35 Am. St. Rep. 176), and to require that all the issues of fact between him and the intervenor, as well as those between him and the defendant, be tried anew in the superior court; and if, upon a trial of these issues, the superior court shall determine in favor of the plaintiff, it will be authorized to render a judgment in his favor against the defendant, notwithstanding the intervention of the petitioner.

The complaint of the intervenor does not show that he has ever established his claim against Kass, or recovered judgment in his action against him; and, while Hoult might desire to protect himself against the effect of the garnishment in that action, such garnishment would not of itself authorize the intervenor to defeat the plaintiff's right of recovery against Hoult.

The application for the writ is denied.

Garoutte, J., and Van Fleet, J., concurred.