[Sac. No. 375. Department One.—June 25, 1898.]

R. C. BRODER et al., Appellants, v. A. R. CONKLIN et al., Respondents.

RECEIVER—STIPULATION—DEPOSIT OF FUNDS—BOND—ORDER FOR PAYMENT—APPEAL.—Where a receiver of the rents and profits of real estate in controversy was discharged under a stipulation that the net proceeds received by him should be placed in the county treasury, subject to future order of the court, and that defendant should give bond to pay and account for rents and profits to be thereafter received by him, and to pay any judgment which might be recovered against him therefor, the pendency of an appeal from a judgment against the plaintiff for costs, and the fact that no bond upon appeal from the judgment was necessary or authorized by the code to stay proceedings as to the money held by the county treasurer, and that the statutory bond was given upon the appeal, besides a bond in double the amount of the judgment for costs, did not operate to stay the authority of the court to deal with the receiver, and with the funds paid into the treasury by him under the order of the court, and an order directing the funds to be paid to the defendant will be affirmed under the stipulation, upon the ground that the money so paid to him became subject to the terms of the bond given by him thereunder for rents and profits thereafter to be received by him.

APPEAL from an order of the Superior Court of Mono County directing the payment of moneys. W. H. Virden, Judge.

The facts are stated in the opinion of the court.

Richard S. Miner, for Appellants.

P. Reddy, and W. H. Metson, for Respondents.

GAROUTTE, J.—This appeal arises from an order made subsequent to judgment in the case of *Broder et al. v. Conklin et al, ante,* p. 282. In view of the fact that the appeal from the judgment and order denying the motion for a new trial in the principal case has this day been held ineffectual, and the judgment and order affirmed, it would seem that the appeal in the present case, in its importance to appellants, has been reduced to very small proportions. Yet, nevertheless, it demands some consideration.

The facts are these: A receiver was appointed in the above-entitled cause. Upon a stipulation entered into by all the parties he was discharged, and the net proceeds of his receivership were ordered by the court to be placed in the county treasury subject to the further order of the court. These proceedings took place pending the litigation in the main case. After the judgment was rendered by the trial court in that case in favor of defendants, upon application of their attorneys the court ordered these moneys which had been heretofore placed in the hands of the county treasurer to be paid to them. This appeal is now prosecuted from that order.

The particular grounds of fact and law which actuated the trial court in making the order are not plainly disclosed by the record. The motion of defendants for the relief sought is based upon two grounds: 1. That the action of *Broder et al. v. Conklin et al.* had come to final judgment against plaintiffs; and 2. The bond filed by plaintiffs upon the appeal in that case did not warrant the detention of the money in the hands of the county treasurer. Neither of these positions are tenable, for, firstly, the judgment rendered upon the merits was not a final judgment, for an appeal therefrom was pending in this court at the very time the motion was made; and, secondly, no bond upon appeal from the judgment was necessary, or authorized by the code, to stay proceedings as to the money held by the county treasurer. (See *McCallion v. Hibernia*

*Soc.,* 98 Cal. 442.) But, looking at the other side of the case, the bond given by appellants upon their appeal in the main case did not prevent the trial court from dealing with this fund in the county treasury. The bond given upon that appeal was the statutory bond of three hundred dollars and a bond in double the amount of the judgment for costs. Under such circumstances the trial court was still authorized to deal with the receiver, and also the funds paid into the treasury by him under the aforesaid order of the court. (*Baughman v. Superior Court,* 72 Cal. 572.)

Upon the stipulation to which reference has already been made, and the bond filed and approved in pursuance of that stipulation, the order of the court from which this appeal is taken is affirmed. By that stipulation it was agreed "That the said receiver be discharged upon the defendant in said action, A. R. Conklin, giving a bond in the sum of ten thousand dollars to pay and account for all the rents and profits, for all the real estate that may come into his hands from this date to the final determination of said action, and that he will pay any judgment which may be recovered against him for the rents and profits of the same.". The bond based upon this stipulation provides: "Now, therefore, we, the undersigned, are held and firmly bound to the said plaintiffs in the penal sum of twenty thousand dollars, to the tenor and effect that said defendant shall and will truly account for and pay to the plaintiffs any judgment that may be recovered against them for the rents and profits of said real estate, not exceeding said sum of ten thousand dollars." The money in the hands of the county treasurer was rents of the real estate, and came into Conklin's hands after the signing of the stipulation and the giving of the bond. We have no doubt but that a recovery upon the bond could be had for this money in a proper case.

For the foregoing reasons the order is affirmed.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.