[Civ. No. 709. Second Appellate District.—July 13, 1909.]

MRS. SAMUEL NAIL, Petitioner, v. SUPERIOR COURT, etc., in and for the County of Los Angeles, and HON. WALTER BORDWELL, Judge Presiding, Respondents.

MANDAMUS—APPEAL FROM JUSTICE'S COURT—ORDER OF JUSTICE REFUSING TO DISSOLVE ATTACHMENT NOT REVIEWABLE.—Upon an appeal taken to the superior court from a justice's court, on questions of law and fact, an order of the justice refusing to dissolve an attachment is not reviewable in the superior court; and *mandamus* will not lie to compel the superior court to review the same.

ID.—ATTACHMENT AN ANCILLARY PROCEEDING.—An attachment is merely a proceeding ancillary to the action, to obtain security for the demand before judgment. It is not a part of the action, but is a provisional, independent proceeding, initiated by the affidavit, which is the basis for the writ.

ID.—JURISDICTION OF SUPERIOR COURT—TRANSMISSION OF PAPERS.—If the transmission of all the papers in a case appealed on questions of fact, or of law and fact, be to vest the superior court with jurisdiction of an ancillary attachment proceeding, such jurisdiction is not for the purpose of reviewing the rulings of the justice's court in connection with the attachment, but merely as incidental to the execution of the judgment which may be rendered after trial *de novo* on the merits, if it be rendered in favor of the plaintiff.

ID.—EFFECT OF NEW TRIAL AND JUDGMENT IN SUPERIOR COURT.—While the statute provides for a new trial as matter of right in the superior court, it has no jurisdiction to review the action of the justice's court in an ancillary proceeding, but the trial must be conducted in the superior court in all respects as other trials in the superior court, and the judgment rendered on the appeal has the same effect as if the action had been commenced in the superior court, and as if there had been no trial in the justice's court.

APPLICATION for writ of mandate to the Superior Court of Los Angeles County.    Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

William Lewis, for Petitioner.

No appearance for Respondents.

THE COURT.—Application for a writ of mandate to compel the superior court, on an appeal from a justice's court taken on questions of both law and fact, to review an order of the justice denying petitioner's motion to dissolve a provisional attachment issued at the time the action was begun.

Waiving consideration of two matters which suggest themselves as having a probable bearing on the right of petitioner to the writ, but which are not presented on the application, we think the petition should be denied on the points and authorities presented.    The first of the two matters referred to as not considered in what is here said is: The possibility that a showing upon all the record might disclose that the attachment had become merged in the execution, and thus rendered the question involved in the ruling upon the motion to dissolve the attachment a moot question; since, if the personal property attached were now held by the sheriff under an execution regularly entered, it might be urged that this court should not issue its extraordinary writ when it would be idle and ineffective to accomplish the purpose stated on its face, even though it would enable one of the parties to gain some advantage in moving to tax costs.    The second matter is, that the refusal of the superior court to review the order dissolving the attachment should, for the purpose of sustaining the court's action, be regarded simply as a denial of the motion to dissolve.

Taking up the application as presented, and we find that petitioner in support of her contention that the order of the justice may be reviewed on an appeal from the judgment, even after final judgment in the appellate court, cites the cases of *Griswold* v. *Sharpe*, 2 Cal. 17, and *Taaffe* v. *Rosenthal*, 7 Cal. 515.    These cases, as well as that of *Reiss* v. *Brady*, 2 Cal. 132, to the same effect, were overruled in *Al-*

*lender* v. *Fritts,* 24 Cal. 447.   From the latter case it appears
that the Practice Act, as then in force, contained no pro-
vision for an appeal from an order of the district court dis-
solving or refusing to dissolve an attachment, and it was
sought to secure a review of such an order by the supreme
court upon an appeal from the judgment, as well as to ap-
peal from the order itself.   Sawyer, J., delivering the opinion
of the court, says: "This is not an appealable order within
the meaning of those sections (Prac. Act, 347, 366), and
an appeal, therefore, cannot be taken from it directly as an
order; and it is not an order 'involving the merits and neces-
sarily affecting the judgment' within the meaning of section
344.   The attachment is merely a proceeding ancillary to
the action, by which a party is enabled to acquire a lien for
the security of his demand by a levy made before instead of
after the entry of a judgment. . . . Neither the action nor
the judgment, under our law, in any manner depends upon
the attachment, although the attachment depends upon the
action.   The judgment in the case is precisely the same,
whether the attachment is dissolved or not"; it "is not in
any respect affected by the attachment.   We could neither
reverse nor modify the final judgment in any particular in
consequence of any error in the attachment proceedings.
. . . It is a case for which the Practice Act has made no pro-
vision."   The Allender case is recognized as authority in
*Myers* v. *Mott,* 29 Cal. 360, 363, [89 Am. Dec. 49], and *Her-
man* v. *Paris,* 81 Cal. 625, [22 Pac. 971] ; it being said in the
latter case: "The attachment papers in no way affected the
validity of the judgment or order denying a new trial, and
the questions in relation to them cannot be considered on
the appeals taken."   There was an appeal from the judg-
ment and from an order refusing a new trial in that case.

In line with this same distinction, Chief Justice Parker
observes in *Kittredge* v. *Warren,* 14 N. H. 510, 530: "It [the
attachment] is originated by the suit, and sustained by the
suit, but is not part of it.   It can only be made available
through a judgment, but the judgment neither changes its
nature nor determines its validity; nor does it operate to per-
fect the attachment.   The judgment establishes the existence
of the demand upon which the attachment is predicated, and
the security taken, whereas, it was before only alleged, and

presupposed for the purpose of the security." Notwithstanding an appeal be taken from its judgment, the trial court (if a court of record) has been held to still retain jurisdiction of the proceedings designated by our code as provisional remedies with power to take such steps therein as may be necessary to preserve the rights of the parties interested therein. (*Baughman* v. *Superior Court*, 72 Cal. 572, [14 Pac. 207] ; *Havemeyer* v. *Superior Court*, 84 Cal. 382, [18 Am. St. Rep. 192, 24 Pac. 121] ; *Broder* v. *Conklin*, 121 Cal. 289, [53 Pac. 797].) So it is said in Elliott on Appellate Procedure that while a general appeal brings up the whole case, the appellant is not necessarily entitled to have all the questions which the papers present reviewed. There is a clear and important distinction between bringing up questions and presenting questions for review. A general appeal removes from the jurisdiction of the trial court all questions concluded by its judgment (section 544), but nothing else.

While we recognize the force of the reasoning upon which the decisions in *Bullard* v. *McArdle*, 98 Cal. 359, [35 Am. St. Rep. 176, 33 Pac. 193] , *Rossi* v. *Superior Court*, 114 Cal. 371, 374, [46 Pac. 177], and *Maxson* v. *Superior Court*, 124 Cal. 468, [57 Pac. 379], are based, we are of opinion that the rule as to review of merely ancillary proceedings is the same on the appeal before us as if the appeal were from a judgment of the superior court. This appears to be borne out by the provisions of the code in relation to appeals on questions of fact or law and fact.

When an appeal is taken on questions of both law and fact no statement is or need be. prepared (Code Civ. Proc., sec. 976), but the justice certifies and transmits all the papers in the cause, including a copy of his docket, to the superior court (Code Civ. Proc., sec. 977), and the action is tried anew in that court. Section 980 provides when this is done the trial must be conducted in all respects as other trials in the superior court, and all the provisions *as to trials* in the superior court are made applicable, and the judgment rendered on appeal has the same effect and is enforced in the same manner as if the action had been commenced in the superior court. Where the appeal is heard on a statement, the

court is given power to review certain enumerated orders, but where the statute provides for a new trial as a matter of right, no provisions are made for the review of either intermediate or subsequent orders or rulings. The principal action is, by the appeal, restored to the same position it occupied before the trial as to all matters leading to the judgment, and the superior court tries the case as if there had been no trial in the justice's court.

The attachment proceeding is not a part of every civil action; it is a provisional, independent proceeding initiated by the affidavit (*Finch* v. *McVean*, 6 Cal. App. 272, [91 Pac. 1019]); the basis for the writ is the affidavit (*Baldwin* v. *Napa Wine Co.*, 137 Cal. 649, [70 Pac. 732]), and if the transmission of all the papers in a cause to the superior court on appeal· be to vest that court with jurisdiction of an attachment proceeding pending in connection therewith, such jurisdiction is not for the purpose of reviewing the rulings of the justice court in connection with the attachment, but as incidental to the execution of the judgment which may be rendered in the principal action. No provision for a review is made by the statute, and whatever other action the superior court may be authorized to take in connection with the attachment proceedings before it by reason of an appeal on questions of both law and fact, in the absence of some statutory authorization to review the rulings of the justice court, we are of opinion that it has no jurisdiction to do so.

The writ, therefore, is denied.