[Civ. No. 4869. First Appellate District, Division One.—November 19, 1924.]

GEORGE H. McCARTHY et al., Plaintiffs and Respondents, v. ARAKEL KURKJIAN et al., Defendants and Respondents; J. M. URRUTIA, Defendant and Appellant.

[1] MORTGAGES — PENDENCY OF APPEAL FROM JUDGMENT OF FORE-CLOSURE—PRESERVATION OF PROPERTY—APPOINTMENT OF RECEIVER—AFFIDAVITS—APPEAL.—An order of a trial court appointing a receiver to preserve mortgaged property pending an appeal from a judgment of foreclosure of mortgage is binding on appeal where such order was based upon a hearing had upon affidavits of the parties.

[2] ID.—PENDENCY OF APPEAL—APPOINTMENT OF RECEIVER—JURISDICTION.—Under paragraph 4 of section 564 of the Code of Civil Procedure, the trial court in a foreclosure of mortgage action may, after judgment of foreclosure, appoint a receiver to preserve the mortgaged property during the pendency of an appeal.

[3] ID.—RENTS—RECEIVERS.—Rents from mortgaged property may be subjected to a receiver appointed after judgment of foreclosure of the mortgage and during the pendency of an appeal, where the property is insufficient to discharge the mortgage debt.

[4] ID.—INADEQUACY OF SECURITY—FINDING—APPEAL.—When the court has appointed a receiver in a foreclosure suit because of the inadequacy of the security, an appellate court will be reluctant to disturb the finding of the court below as to such inadequacy.

(1) 4 C. J., p. 847, sec. 2831.   (2) 3 C. J., p. 1269, sec. 1386. (3) 27 Cyc., p. 1630.   (4) 4 C. J., p. 804, sec. 2769.

APPEAL from an order of the Superior Court of the City and County of San Francisco appointing a receiver

1.  Propriety of appointing receiver, note, 72 Am. St. Rep. 29.

Power of court to appoint receiver for mortgaged realty, note, Ann. Cas. 1915D, 1035.

Right of mortgagee to receiver, note, 26 A. L. R. 33. See, also, 19 R. C. L. 560; 18 Cal. Jur. 296.

2.  Validity, construction and effect of provision in real estate mortgage as to appointment of receiver for rents and profits after foreclosure, note, 4 A. L. R. 1423.

3.  Right to rents as between mortgagor and mortgagee, note, Ann. Cas. 1916D, 196, 201. See, also, 18 Cal. Jur. 306.

4.  See 18 Cal. Jur. 301.

after judgment of foreclosure of mortgage. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goldman, Nye & Surr for Appellant.

B. S. Gregory and E. K. Taylor for Respondents.

ST. SURE, J.—Plaintiffs obtained a judgment foreclosing a first mortgage on certain real property. Appellant here, second mortgagee, appealed, and the judgment was affirmed by this court on February 13, 1924 (see Civil No. 4672, same parties, 65 Cal. App. 569 [224 Pac. 1016]). The facts are fully stated in the opinion. After judgment, and while the appeal in No. 4672 was pending, the superior court made an order appointing a receiver to preserve the property. Appellant here thereupon made application to the supreme court for a writ of *supersedeas*. His petition in that matter sets forth the same facts and makes the same points presented upon the instant appeal. After hearing upon an order to show cause the supreme court denied the application and later denied a rehearing.

The first mortgage provided that the land was mortgaged and "together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining." It also provided that "upon the commencement of any action to foreclose this mortgage, the mortgagee shall be entitled to the immediate possession of the mortgaged premises, and to the appointment of a receiver to collect the rents and profits arising therefrom." At the time of the entry of the judgment of foreclosure the rents were paid to plaintiffs under stipulation later revoked. Application was made to the superior court for the appointment of a receiver to preserve the property pending appeal. Hearing was had upon affidavits of the parties, when the court made its order appointing a receiver. [1] We are bound by the determination of the lower court in this regard. (*Fox* v. *Flood*, 44 Cal. App. 786, 788 [187 Pac. 68].) The order authorized and directed the receiver to take possession of the property and "to collect the rents, issues and profits arising therefrom until the further order of this court, to

pay all state, county and municipal taxes now due or that may become due on said premises, to maintain proper fire insurance on the building located on said real property, and to pay the premiums thereof, to make and pay for the necessary repairs and improvements of said building to comply with the state, county and municipal ordinances and law, . . . ''

[2]    Appellant's first contention that the superior court had no jurisdiction to appoint a receiver after judgment when an appeal had been perfected is answered by the provision of paragraph 4, section 564, of the Code of Civil Procedure, which expressly provides that a receiver may be appointed by the court after judgment ''to preserve it (property) during the pendency of an appeal.'' (*Baughman* v. *Superior Court*, 72 Cal. 572 [14 Pac. 207]; *Broder* v. *Conklin*, 121 Cal. 289, 291 [53 Pac. 797]; *Nail* v. *Superior Court*, 11 Cal. App. 27, 30 [103 Pac. 902].)

[3]    The second contention, that the rents belong to appellant here, and that they could not be subjected to a receiver, is dispelled by the fact that the property is insufficient to discharge the mortgage debt. In his answer filed in the foreclosure suit on the first mortgage, appellant here alleges, ''that the market value and the price obtainable by sale of all said real property secured by said mortgage, to-wit, the Kenilworth Apartments, is not to exceed $110,000, and in all probability, not more than $100,000 . . . and the fact is that said mortgaged premises may not sell at forced sale for the amount owing plaintiffs.''

[4]    When the court has appointed a receiver in a foreclosure suit because of the inadequacy of the security, an appellate court will be reluctant to disturb the finding of the court below as to such inadequacy (*Fox* v. *Flood, supra*).

Order affirmed.

Knight, J., and Cabaniss, P. J., *pro tem.*, concurred.

'A' petition for a rehearing of this cause was denied by the district court of appeal December 19, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 15, 1925.