. [S. F. No. 11522.  In Bank.—June 22, 1925.]

## J. M. URRUTIA, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] RECEIVERS—SETTLEMENT OF ACCOUNTS AND DISCHARGE—DISPOSITION OF MONEYS COLLECTED—MANDAMUS.—The facts that, after the filing of the accounts of a receiver appointed to preserve mortgaged property and to collect the rents and income therefrom, but prior to the presentation thereof to him, for settlement, the judge of the trial court has stated that, from the facts then before him, it is his opinion that the moneys in the hands of said receiver should be applied in payment of a certain deficiency judgment entered in favor of the plaintiffs in the mortgage foreclosure action, and not paid to the owner of a prior lease of the premises, and that the attorneys for the holders of said deficiency judgment have stated that they intend to have said receiver continued in office, notwithstanding the termination of the foreclosure proceeding, will not justify the appellate court in issuing a writ of mandate, in advance of the hearing of the matter on its merits by the trial court, to compel that court to pay said moneys to petitioner, the owner of said prior lease, and to discharge said receiver.

(1) 38 C. J., p. 872, n. 61.

PROCEEDING in Mandamus to compel the Superior Court of the City and County of San Francisco, and Franklin A. Griffin, Judge thereof, to order a receiver to pay

1.  See 18 R. C. L. 304; 16 Cal. Jur. 771.

moneys to petitioner and to discharge said receiver. Writ denied.

The facts are stated in the opinion of the court.

Goldman, Nye & Surr for Petitioner.

Bion S. Gregory for Respondents.

THE COURT.—This is a proceeding in *mandamus* to compel the Superior Court in and for the City and County of San Francisco, and Honorable Franklin A. Griffin, judge thereof, to deliver to petitioner, after a settlement of a receivers account, all moneys remaining undisposed of in the possession of said receiver instead of making an application of said moneys in partial satisfaction of a deficiency judgment; to compel the said court to discharge said receiver and to direct the latter to refrain from further interference with any of the property (subject to a certain mortgage hereinafter referred to) which is claimed by petitioner as his property. The cause is submitted upon a demurrer and answer interposed by the judge of the Superior Court, in response to the issuance of an alternative writ.

The material facts are as follows: On the fifteenth day of January, 1921, A. F. Rousseau, owner of the Kenilworth Apartments, situate in the city of San Francisco, leased the same to one Gorman for a period of five years, at a monthly rental of $1,325. As security for the faithful performance of all the covenants and conditions therein contained, including the covenant for the payment of rents, the lessee executed and delivered to the said Rousseau, lessor, a chattel mortgage on all the furniture contained in said building. On the eighteenth day of January, 1921, Rousseau mortgaged the apartments and hypothecated certain Liberty bonds of the value of $30,000 to the Banca Popolare Fugazi, as security for a loan of $100,000 made by the bank to him. The note recited that it was secured by a mortgage of even date and a pledge of bonds. Rousseau sold the real property (Kenilworth Apartments), the lease and the chattel mortgage to one Frinchaboy, who assumed payment of the mortgage and signed the original note, but the Liberty bonds were not assigned. Frinchaboy immediately assigned

the lease and the chattel mortgage, and also executed and delivered a second mortgage on the real property, in the sum of $50,615, to petitioner as security for a pre-existing obligation owing by him to the latter. On August 22, 1922, Frinchaboy conveyed his interest in the property to one Kurkjian, but prior to this, Banca Popolare Fugazi, the original mortgagee, assigned the mortgage and the note to one George H. McCarthy and his wife, Mabel E. McCarthy, who eventually assigned a part interest therein to the Bank of Alameda. On the fourteenth day of June, 1922, the McCarthys and the bank instituted a foreclosure proceeding, making petitioner, who was a second mortgagee and also the assignee of the lease and chattel mortgage, a party defendant. The action resulted in a judgment of foreclosure and sale of the property mortgaged, and upon an appeal, perfected by petitioner, the judgment was, by the district court of appeal, affirmed. (*McCarthy* v. *Kurkjian*, 65 Cal. App. 569 [224 Pac. 1016].) Pending this appeal, the Superior Court, on the application of respondent mortgagee, ordered the appointment of a receiver to preserve the property. An application for a writ of *supersedeas* attacking said order made by petitioner to this court was denied on August 2, 1924. Thereafter the district court of appeal affirmed the order of the trial court appointing the receiver. (*McCarthy* v. *Kurkjian*, 69 Cal. App. 682 [232 Pac. 161].) On the twenty-eighth day of May, 1924, after a commissioner's sale of the realty covered by the mortgage, a deficiency judgment in the sum of $9,995.23 was docketed. An application made to the Superior Court by petitioner, to vacate the said judgment for the alleged reason that it had been prematurely docketed, was denied. Thereafter the receiver filed his account with the Superior Court, and his prayer is that "the court make an order authorizing the undersigned as such receiver to pay the balance of the moneys in his hands to the plaintiffs herein, George H. McCarthy and Mabel E. McCarthy, to apply in partial satisfaction of the deficiency judgment, in their favor herein."

In order to prevent said moneys, consisting solely of rents collected by the receiver from the "Gorman" lease, from being applied to a partial satisfaction of the said deficiency judgment in accordance with the prayer of the receiver's

account, and upon information that it was the intention of the mortgagee to continue said receiver in office to collect further rents and apply the same in partial satisfaction of the judgment, petitioner initiated the present proceeding.

It is the contention of the petitioner that the receiver has impounded and is impounding certain rents issuing from the "Gorman" lease, which he intends to apply in partial satisfaction of the deficiency judgment, but that said rents are not subject to the lien of the encumbrance of said mortgage, and, therefore, should not be applied to the satisfaction of the deficiency judgment; that if the rents were at any time herein mentioned subject to the lien of said encumbrance, that either petitioner, as the assignee of the lease and chattel mortgage, has a paramount right to apply the same in liquidation of his own obligation to the exclusion of the first mortgagee, or that the latter has waived the right of so applying the rents in partial satisfaction of the deficiency judgment, inasmuch as, on the twenty-eighth day of May, 1924, he voluntarily and with full knowledge of the existence of said rents, docketed a deficiency judgment in the sum of $9,995.23, and thereby waived the lien or the security of any property which remained unexhausted at that time, citing *In re Braun,* 51 Cal. App. 202 [196 Pac. 499]; that unless said receiver is restrained by the intervention of the writ he will continue in office after the settlement of his account and will continue to collect and impound further accruing rents. On the other hand, it is insisted by respondent that the present case is not a proper one for the issuance of the writ of *mandamus,* inasmuch as petitioner has a plain, speedy, and adequate remedy at law by way of an appeal from the order settling the account of the receiver; that the rents in the possession of the receiver are a part of the security covered by said mortgage and are available for and should be applied to a partial satisfaction of the deficiency judgment by virtue of the "law of the case" as determined by the previous decisions of the cause in the district court of appeal, *supra;* that the mortgagee's right to apply the rents in satisfaction of his deficiency judgment is paramount to the right of petitioner, inasmuch as the mortgage was executed and recorded prior to the assignment of the lease to petitioner and that he has not waived the privilege of so applying the rents as

aforesaid, inasmuch as petitioner has precluded the application of said rents to the deficiency judgment by the perfection of an appeal from the order appointing the receiver and the execution of a stay bond.

[1] In so far as the petition attempts to show any matter which would be material in an application for a writ of *mandamus*, it may be stated that it is insufficient to warrant the relief sought, inasmuch as it fails to allege such specific facts as would warrant this court in granting the extraordinary remedy of a writ of *mandamus* to compel the trial court to make a definite adjudication as to the disposition of the moneys in the possession of the receiver, at a time prior and in advance of a hearing of the matter on its merits at the settlement of the receiver's account. In the petition for the writ counsel avers that he interviewed the judge before whom the proceedings are pending and said judge "declared to him that he considered said moneys in said receiver's hands should be delivered to said McCarthy in partial extinction of said deficiency judgment." From this extrajudicial interview petitioner concludes "that said order will be made as prayed for unless restrained." If anticipated action of the court founded upon a tentative opinion such as this situation presents may be taken as a basis for the issuance of the extraordinary writ, its office would soon become very commonplace and such practices would eventually have the effect of impeding rather than promoting the remedial procedure of courts. In this connection it will be noted that the answer—verification thereof having been waived—contains the following allegation in refutation of the averment of petitioner as to what the court's ruling upon the pending matter would have been: "That after said receiver so filed said petition the respondent did state that, from the facts *then before him*, it was his *opinion* that the money now in the hands of the receiver arising from rents received from the mortgaged property should be applied to the deficiency due on the judgment in said action." (Italics ours.) From what has been said it sufficiently appears that the court has not finally passed upon the disputed issue and we are not permitted to anticipate what its ruling would have been or will be when the question is finally submitted. Furthermore, counsel for

petitioner is only *advised* by counsel for the McCarthys that it is the *intention of the mortgagee* to have said receiver continued in office, etc. It necessarily follows from what appears before us that petitioner has failed to state facts sufficient to constitute a *prima facie* case for relief, and for aught that anyone may be able to foretell the receiver may forthwith be discharged after the settlement of his preliminary account or the court may make such further orders as may be agreeable to the justice of the case. The intention of counsel for respondent to press or request the retention of the receiver cannot be regarded as any indication that the court will yield to pressure or requests merely and continue the receiver in office if no substantial reason therefor exists.

From an examination of the record presented we are of the opinion that it cannot be said that the court has prejudged the main issue to be finally submitted to it for decision. There appears to be no reason why the court cannot freely give that full, careful, and impartial consideration to the questions presented, or to be presented, that the importance of said issues would seem to require.

The application for a writ of *mandamus* is denied.