[Civ. No. 4848.   Second Appellate District, Division One.—May 5, 1927.]

RENNO BRUSH, Respondent, v. THE APARTMENT AND HOTEL FINANCING CORPORATION (a Corporation), Appellant.

[1] RECEIVERS—CHATTEL MORTGAGES—FORECLOSURE—INSUFFICIENT SECURITY—APPOINTMENT OF RECEIVER—PLEADING—JURISDICTION.—In an action to foreclose a chattel mortgage, where it appears from the allegations of the complaint and from the affidavits presented in support of plaintiff's motion for the appointment of a receiver "that plaintiff's security is deteriorating and will so continue to deteriorate," and "will by the time the within matter comes to trial, be deteriorated and be practically worthless," and it further ap-

pears that the value of the mortgaged property is approximately one-half the amount of the mortgage debt, and that if defendants are permitted to continue in possession the property will bring a much lesser sum, the court has jurisdiction to appoint a receiver; and it is not necessary that the complaint or the affidavits state, in the language of section 564 of the Code of Civil Procedure, "that the property is probably insufficient to discharge the mortgage debt."

[2] ID.—CONCLUSIONS OF LAW—PLEADING.—In such proceeding for the appointment of a receiver, a bare statement in the language of the statute is insufficient to confer jurisdiction, but the court must look to the specific facts as alleged either in the complaint or in the affidavits supporting the motion, and if such facts bring the case of the plaintiff within the language of the statute, it is immaterial that plaintiff failed to correctly label them.

[3] ID. — PLEADING — AFFIDAVITS — CONFLICT — DISCRETION OF TRIAL JUDGE.—In such proceeding, where the counter-affidavits presented by defendants in opposition to the motion for the appointment of a receiver allege that the value of the mortgaged property is largely in excess of the amount stated by plaintiff, the determination of the issue thus presented is a matter addressed to the discretion of the judge of the trial court, and he has the right to adopt as true the facts stated in the pleadings and affidavits of plaintiff, together with all inferences and presumptions reasonably deducible therefrom, and to reject *in toto* the facts contained within the affidavits presented in behalf of the defendants.

[4] ID.—APPELLATE PRACTICE—PRESENTATION OF POINT IN CLOSING BRIEF.—In such a proceeding, the contention, made for the first time in appellant's closing brief on appeal, that the trial court erred in appointing as receiver one of the parties defendant in the action, will not be considered.

---

(1) 42 C. J., p. 125, n. 27.   (3) 4 C. J., p. 804, n. 96.   (4) 3 C. J., p. 1434, n. 32.

APPEAL from an order of the Superior Court of Los Angeles County appointing a receiver in an action to foreclose a chattel mortgage. Victor R. McLucas, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

3.   Discretion of court in appointment of receiver, note, 72 **Am. St. Rep.** 33.   See, also, 22 **Cal. Jur.** 435; 23 **R. C. L.** 10.

E. O. Leake for Appellant.

Harry Lyons for Respondent.

HOUSER, J.—This is an appeal from an order appointing a receiver in an action brought to foreclose a mortgage of a leasehold on an apartment house, together with the furniture and furnishings therein contained.

[1] It is contended by appellant that the court abused its discretion in making the appointment and that the court was without jurisdiction in the premises.

By subdivision 2 of section 564 of the Code of Civil Procedure, it is provided in effect that a receiver may be appointed by the court in an action by a mortgagee for the foreclosure of his mortgage " . . . where it appears . . . that the property is probably insufficient to discharge the mortgage debt." It is urged by appellant that the court was without jurisdiction in the premises because in the motion for appointment of the receiver plaintiff failed to make an allegation in the language of the statute that the value of the mortgaged property was "insufficient to discharge the mortgage debt." In that connection, it appears that by allegations contained in the complaint and in affidavits presented by plaintiff in his motion for the appointment of a receiver it was shown "that plaintiff's security is deteriorating and will so continue to deteriorate," and "will by the time the within matter comes to trial, be deteriorated and be practically worthless." However, the facts as stated in the affidavits presented by plaintiff in support of such allegation in substance were that the amount of the mortgage debt was the sum of $6,044; that the value of the furniture and furnishings covered by the mortgage was $3,500; "that if defendants are permitted to continue in possession of the premises for another twelve months, that the furniture, furnishings and equipment will not bring in over the sum of two thousand ($2000.00) dollars"; also the fact of the pendency of an action for the condemnation of real property, in which action the cancellation of the leasehold here in question was sought, and that by reason of such condemnation action plaintiff's se-

curity "will be greatly if not totally extinguished and impaired."

[2] It is clear that a bare statement in the language of the statute would be insufficient to confer jurisdiction. What is necessary, and to which the court must look for its authority, is that there be not mere conclusions, but specific facts as alleged either in the complaint or in the affidavits supporting the motion. If such facts bring the case of the applicant within the language of the statute, it is just as immaterial that the plaintiff failed to correctly label them, as it would have been impotent that with the greatest of care he used the exact wording of the statute, but failed to set up the facts which established such conclusion. In other words, it is substance, rather than form, that is required, and upon which the conclusion of the court must rest.

[3] While it is true that counter-affidavits were presented by the defendants to the court by which it was alleged that the value of the leasehold and the furniture and furnishings of the apartment house was largely in excess of the amount stated in the affidavits and pleading of the plaintiff as being the value of such property, it is well settled that the determination of the question rested with the trial court.

In the case of *Doak* v. *Bruson,* 152 Cal. 17, 19 [91 Pac. 1001], it is said: "In the consideration of an appeal from an order made upon affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered as established. (Citing cases.) And as error is not presumed, and all intendments are in favor of the action of the lower court, it follows that the affidavits in behalf of the successful party are to be deemed to establish not only the facts directly stated therein, but also all facts which may reasonably be inferred or presumed from the direct and positive statements."

The case of *Fox* v. *Flood,* 44 Cal. App. 786 [110 Pac. 596], like the instant case, was one in which an appeal was taken from an order appointing a receiver in an action for the foreclosure of a mortgage. Touching the point here under consideration, the court said:

"The power to appoint a receiver is very largely within the discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion except in cases of palpable abuse. (*Whitley* v. *Bradley,* 13 Cal. App. 720, 724, 725 [110 Pac. 596].) In reviewing an appeal from an order made upon affidavits, in which the determination of a question of fact is involved, the court is governed by the same rules applicable to oral testimony. If the affidavits are conflicting, the facts stated in the affidavits favorable to the prevailing party must be considered as established." (Citing cases.) (See, also, *McCarthy* v. *Kurkjian,* 69 Cal. App. 682 [232 Pac. 161].)

From a consideration of the foregoing authorities it is apparent that in the instant case the determination of the issue presented by the affidavits of the respective parties lay within the discretion of the judge of the trial court. He had a right to adopt as true the facts stated in the affidavits presented by plaintiff, together with all inferences and presumptions reasonably deducible therefrom, and to reject *in toto* the facts contained within the affidavits presented in behalf of the defendant. With such rule in mind, if it be assumed that the judge of the trial court believed from the evidence before him that the amount owed on account of the mortgage was the sum of $6,044; that the value of the furniture and furnishings covered by the mortgage in question was either $2,000 or $3,500, and that by reason of the pendency of the condemnation proceeding, to which reference herein has been had, the security of the leasehold held by plaintiff for the payment of the debt secured by the mortgage would be "totally extinguished," so that by the time the action would come on for trial the entire mortgaged property would "be deteriorated and be practically worthless" and, therefore, probably would be "insufficient to discharge the mortgage debt" (subd. 2, sec. 564, Code Civ. Proc.), it is manifest that the conclusion of whether a receiver should be appointed, resting, as it did, wholly within the discretion of the judge of the trial court, may be challenged and overturned on appeal only if it clearly and unmistakably appears, not merely that the discretion may not have been wisely exercised, but that it was actually abused. In the order here in question we are unable to perceive that the powers of the judge of the

trial court were in any manner overstepped, or that a jurisdiction not possessed by the trial court was exercised in the premises.

[4] In appellant's closing brief it is contended that because the person appointed receiver was one of the parties defendant in the action, the order appointing the receiver should be reversed. In connection with such alleged error, it may be said that neither in the specification of errors contained within the bill of exceptions, nor in appellant's opening brief, is any mention made of the point to which reference has been had; in other words, the point is first mentioned in appellant's closing brief. Whatever merits might ordinarily be attachable to appellant's contention, it is clear that in the premises the practice of appellate tribunals forbids its consideration. For aught that appears, the appointment of one of the defendants in the action may have been altogether regular and fully authorized in all respects. In fact, the record fails to show that the receiver ever was a party to the action.

The order is affirmed.

Conrey, P. J., and York, J., concurred.