[Civ. No. 6109. First Appellate District, Division One.—February 20, 1928.]

J. A. COLEY et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

332

 

H. M. Anthony for Petitioners.

Albert Picard for Respondents.

KNIGHT, J.—The petitioners seek by this proceeding in *certiorari* to have annulled two orders dated respectively August 9 and August 26, 1927, made by the respondent Court in an action in forcible detainer commenced by Grace Lanza against the petitioners Hogan, Craig, and others to obtain possession of an apartment house in San Francisco to which she claimed to have acquired title by purchase at trustee's sale. The orders challenged were made subsequent to a dismissal of the action by plaintiff, but before the action was tried, and relate to the restoration of the property.

It appears from the record that on July 7, 1927, a few days after the complaint in said action had been filed, the plaintiff therein, Grace Lanza, went into possession of the disputed property. As to whether her entry was made peaceably, the parties are not agreed, but that question is one with which we are not here concerned, for admittedly, on the day mentioned, she went into actual possession of said property. The next day the petitioner Hogan filed an answer to the complaint, and on July 19th made written application for the appointment of a receiver. The application, which was resisted by the said Grace Lanza, came on for hearing before the Honorable H. D. Gregory and on July 22d was granted. The order made in that behalf directed the receiver to take possession of said apartment house, collect the rents and pay the bills, etc.; and thereupon, in obedience to said last-mentioned order, the said Grace Lanza, who still held possession of the property, surrendered the same to the receiver. Thereafter, on August 9th, and while the apartment house was thus in the possession of the receiver, the said Grace Lanza dismissed the action in forcible detainer for the reason, as she asserted in

an affidavit filed later, that nothing further could be accomplished thereby, that the purpose thereof was to obtain possession of said apartment house, and that since, subsequent to its commencement, she had gone into possession and thereafter continued to hold the same as against the defendants up to the time of the appointment of the receiver, the issues involved in said action had become moot. Immediately upon the dismissal of the action she obtained an order from the Honorable T. I. Fitzpatrick dated August 9th directing the receiver to restore to her forthwith the possession of said property, and to file his accounts and apply for a discharge; and the receiver complied with the terms of said order. Subsequently and on August 17th the petitioner Hogan moved to set aside Judge Fitzpatrick's order and to continue the receivership upon the ground that said order was inadvertently made. This motion was opposed by Grace Lanza, and on August 22d, after a full hearing upon the merits before the Honorable Harold Louderback, during which the question of her peaceable entry into the possession of the property was made the main issue, the motion was denied. Notwithstanding that the order of August 9th was thus confirmed, an *ex parte* order was on August 25th obtained from Judge Fitzpatrick on behalf of the petitioner Hogan setting the same aside upon the ground, as the order recites, that the same was inadvertently made; but on the following day, August 26th, upon learning, as his answer herein alleges, that the order he had made on the day previous had been obtained through false statements made to him at that time, Judge Fitzpatrick made another order vacating the same. The effect of the order last above referred to was to continue in force the order of August 9th restoring the property to Grace Lanza; and no appeals were taken from any of the orders or proceedings hereinabove mentioned.

The contention petitioners make in the present proceeding is that Judge Fitzpatrick's order of August 9th restoring the property to the said Grace Lanza is null and void for the reason, as they claim, that the effect thereof was to adjudicate the question of title to and right of possession of said property without giving petitioners their day in court; and that consequently the order of August 26th which

operated to continue in force the order of August 9th is also void.

It may be stated as a general rule that upon the termination of an action wherein a receiver has been appointed the court has continuing power to make disposition of the property which has come into the receiver's possession by virtue of his appointment. It was so held in the case of *Baughman* v. *Superior Court,* 72 Cal. 572 [14 Pac. 207], cited by petitioners. The court there said: "Where a bill upon which the appointment of a receiver is made is afterward dismissed on demurrer, the duties of the receiver cease as between the parties to the action. And so where the defendant finally obtains judgment, the entry of judgment would seem to have the effect of terminating the receiver's functions, although plaintiff perfects his appeal to the appellate court. But the abatement of the action, or entry of final judgment, does not discharge the receiver *ipso facto.* Although as between the parties his functions terminate with the determination of the suit, he is still amenable to the court as its officer until he has complied with its direction as to the disposition of the funds he has received as receiver." And continuing, the court declared: "And when the bill is dismissed on demurrer, it is the plain duty of the court to direct the receiver to restore the fund or property to the person from whom it was taken. (High on Receivers, 833; *Field* v. *Jones,* 11 Ga. 413; *Beverly* v. *Brooke,* 4 Gratt. (45 Va.) 220; *Ireland* v. *Nichols* (40 How. Pr. (N. Y.) 85), *supra.*)" In the present proceeding it appears without dispute that the plaintiff in said action, Grace Lanza, was in possession of said apartment house immediately prior to and at the time possession thereof was taken over by the receiver under the authority of the court's order. Therefore, upon the termination of the action in which the receiver was appointed, the court was acting entirely within the limits of its jurisdiction in making an order for the restoration of the property; and even assuming that notice to petitioners of the application for the order of restoration should have been given, their rights have not been prejudiced by a failure to give the same for the reason that afterward they were afforded a full hearing on the merits before Judge Louderback when their motion to set aside said order was heard and determined.

The case of *Hidden* v. *Jordan*, 1 Cal. Unrep. 216, cited and relied upon by petitioners, is not in point for several reasons. There the trial court, after the entry of judgment in favor of the plaintiff and in accordance with the terms thereof (which judgment was subsequently reversed on appeal), made a separate order ''directing the receiver to deliver over to the plaintiff the said premises and the rents and profits,'' notwithstanding that the defendant in the action, as the decision plainly points out, had been in possession for the preceding seven years. In reversing the order the supreme court said: '' . . . admitting his (defendant's) possession to have been wrongful, this is not the proper remedy, if there be a remedy, to recover possession pending the litigation as to the rights of the parties,'' and it was furthermore stated that said order was dependent ''upon the judgment already reversed, and the rights of the parties ought not to be embarrassed by continuing the order formally on the record, when it is in fact substantially reversed in the reversal of the judgment itself, covering the same ground.''

As to the legality of the order of August 26th, it is clear, without discussing the matter, that a court has inherent power to set aside on its own motion any order which has been wrongfully obtained.

Aside from the question of the validity of the orders in question, however, and even though it be assumed that the same were invalid, petitioners were afforded complete remedy by appeal for the correction thereof. Section 963 of the Code of Civil Procedure allows an appeal to be taken from any ''special order made after final judgment''; and section 1068 of said code in effect declares that a writ of review may be granted only when ''there is no appeal, nor, in the judgment of the court, any plain, speedy, or adequate remedy.'' Both of the orders sought to be annulled here were special orders made after the dismissal of the action, which dismissal amounted to a final judgment (*Marks* v. *Keenan*, 140 Cal. 33 [73 Pac. 751]); and although it is held that an appeal may not be taken from an interlocutory order directing a receiver to distribute property, an appeal does lie where an order to the same effect is made subsequent to judgment (*Broder* v. *Conklin*, 121 Cal. 289 [53 Pac. 797]; *Hidden* v. *Jordan*, *supra*; 22 Cal.

Jur. 550); and if it be appealable it is well settled that *certiorari* is not an available remedy (*Hildebrand* v. *Superior Court*, 173 Cal. 86 [159 Pac. 147]; *Stensland* v. *Superior Court*, 39 Cal. App. 172 [178 Pac. 549]; *Hochheimer & Co.* v. *Superior Court*, 65 Cal. App. 206 [223 Pac. 564]; *Snyder* v. *Plummer*, 174 Cal. 204 [162 Pac. 1040]; *Martin* v. *Miller*, 65 Cal. App. 581 [224 Pac. 783]).

For the reasons hereinabove stated the orders sought to be annulled are affirmed.

Tyler, P. J., and Parker, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 21, 1928, and an application by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1928.

All the Justices concurred.