[L. A. No. 14609. In Bank.—July 11, 1934.]

C. C. JULIAN, Plaintiff, v. W. A. SCHWARTZ, Defendant and Appellant; L. V. REDFIELD et al., Petitioners and Appellants; BARNHART–MORROW, CONSOLIDATED, et al., Respondents.

Olson & Olson and J. W. Falkner for Petitioners and Appellants.

Hanna & Morton and Simpson & Simpson for Defendant and Appellant.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, and Hunsaker, Moote & Longcroft for Respondents.

WASTE, C. J.—This action was brought to have the ownership of, and certain conflicting rights and interests in, certain oil wells and the proceeds of production therefrom judicially determined. At the commencement of the action, and pursuant to stipulation, receivers were appointed to take charge of and operate the wells and conserve the net proceeds. From time to time the receivers resigned and trustees were appointed, also pursuant to a stipulation, to operate the wells and impound the funds received. A "nominal" receiver was appointed to carry on litigation affecting funds due the prior receivership from persons purchasing oil from the wells. This "nominal" receivership is still in effect and is not affected by the proposed order here sought to be restrained. At the conclusion of the trial the court determined the rights and interests of the several parties in and to the several wells and leases involved. Petitioners, being dissatisfied with the judgment as entered, prosecuted an appeal to this court, which appeal is now pending. Subsequent to the taking of the appeal the respondents in this proceeding moved the trial court for an order requiring the trustees to render an accounting and to disburse the impounded funds to the several parties determined to be the owners of interests in the wells and leases, and to deliver possession of the wells to the party from whose possession they had been taken when the action was commenced and who was adjudged by the trial court to be entitled thereto. After hearing upon the motions the trial court announced its intention to grant the same, whereupon the petitioners commenced this proceeding for a writ of *supersedeas* to stay the proposed "enforcement" of the judgment pending disposition of the appeal on the merits. An order to show cause why a writ of *supersedeas* should not be granted was issued, with a temporary stay, and the matter is now before us for determination.

Examination of the authorities indicates that an appeal from the judgment does not serve to divest the trial court of jurisdiction to deal with an ancillary receiver (the

equivalent of which we have before us in the present case) and the funds or property held by him. (*Baughman* v. *Superior Court,* 72 Cal. 572 [14 Pac. 207]; *Havemeyer* v. *Superior Court,* 84 Cal. 327, 382, 383 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627]; *Broder* v. *Conklin,* 121 Cal. 289 [53 Pac. 797].) The rule is generally stated in 2 California Jurisprudence, 479, section 226, as follows: "Upon an appeal from a judgment the functions of an ancillary receiver are not necessarily suspended during the appeal; neither is the power of the court to remove or suspend him superseded by the appeal."

■ However, an order such as is proposed to be here made discharging the receiver or trustee and directing him to pay over the money or property acquired and held by him is appealable as a special order after final judgment. (Sec. 963, Code Civ. Proc.; *Broder* v. *Conklin, supra; Hidden* v. *Jordan,* 1 Cal. Unrep. 216; 22 Cal. Jur. 550, sec. 142.) This being so, the present application for a writ of *supersedeas* is premature. If and when the order here sought to be restrained is made, the petitioners may, if they be so advised, prosecute an appeal therefrom. Upon such appeal it will be proper for petitioners to apply for a *supersedeas* which this court may issue in the inherent exercise of its appellate jurisdiction, in the event it be determined that such a writ is both proper and essential to maintain the *status quo* pending disposition of the appeal from the judgment.

The order to show cause is therefore discharged and the petition for a writ of *supersedeas* denied without prejudice.

Shenk, J., Langdon, J., Preston, J., and Curtis, J., concurred.